KIRCHNER v. MICHIGAN SUGAR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOT A JUDICIAL PROCEEDING—PLEADINGS.

A proceeding under the workmen's compensation act before the industrial accident board is not a judicial proceeding and there are, strictly, no pleadings.

2. SAME—INDUSTRIAL ACCIDENT BOARD TRIER OF FACTS.

The board, in administering the workmen's compensation act, acts principally as a trier of facts.

3. SAME—AMENDMENT OF STATUTE—APPLICABILITY.

The provisions of Act No. 41, Pub. Acts 1917, amending the workmen's compensation act, are not applicable to an accident occurring in 1916.

4. SAME—PENDING PROCEEDINGS—POWER TO CORRECT MISTAKE.

While the matter of compensation is pending before the board, it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and may correct any mistake in said amount.

5. SAME—RIGHTS AFTER TERMINATION OF PERIOD.

Where the period of payment under the agreement has ended, and all payments have been made, whether either party may have recourse against the other, in case of mistake in the amount of payments, by action of the industrial accident board or otherwise,—quære.

6. SAME—RATE OF COMPENSATION—CORRECTION OF MISTAKE.

Where an employee of a sugar company at the time of his injury was earning $3 a day for seven days a week, but the occupation was seasonal, approximating 90 days each year, an agreement mistakenly entered into by the employer and employee for the maximum compensation of $10 a week which was paid for over a year, was properly modified by the industrial accident board to the sum of $4 a week for the period of claimant's disability, dating from the day of the accident, in conformity with the statute.

Certiorari to Industrial Accident Board. Submitted

April 23, 1919. (Docket No. 87.) Decided July 17, 1919.

Theodore Kirchner presented his claim for compensation against the Michigan Sugar Company for injuries received in defendant's employ. From an order granting a petition of defendant and the State Accident Fund, insurer, for the modification of the award, plaintiff brings certiorari. Affirmed.

*R. L. Crane*, for appellant.

*Kerr & Lacey*, for appellees.

OSTRANDER, J. . Claimant was employed as yard foreman by the Michigan Sugar Company at its factory at Carrollton, Michigan. He was injured. He was earning three dollars a day seven days in the week. The State Accident Fund was the insurer of the Michigan Sugar Company. An agreement for compensation was made between the commissioner of insurance and the claimant, which provided for the payment to claimant of ten dollars per week during disability. This was approved by the industrial accident board. Accordingly, compensation was paid from date of accident, November 16, 1916, to March 4, 1918, when the commissioner of insurance, by petition, asked to be relieved from further payments, alleging he had been informed and believed that claimant had fully recovered. It was also set up that claimant had been employed at labor for wages in the fall of 1917, and it was asked that for the period he was employed he refund the money paid from the State accident fund. After a hearing, the industrial accident board, June 20, 1918, made its order denying, generally, the relief prayed for, but granting relief as follows:

"It is further ordered that as respondents paid compensation to applicant during the two months while

he was working for the city of Saginaw, and during the time from October 11, 1917, to December 7, 1917, during which time applicant was not entitled to compensation, therefore respondents shall have the right to set off the compensation erroneously paid to cover said periods against any other compensation to which applicant is now or shall hereafter be entitled under the terms of this order."

This order was not reviewed. On August 20, 1918, the defendants in certiorari filed with the industrial accident board another petition, alleging therein that claimant was fully recovered and praying also for a modification of the agreement for compensation. Modification of the agreement and demand for refunding of payments made were asked for upon the ground stated in the said petition as follows:.

"6. Your petitioners represent further that at the time said claimant received the accidental injury heretofore referred to, that his employment with said respondent and petitioner, the Michigan Sugar Company, was what is known and designated under the law of this State, as irregular, or seasonal employment, that said claimant's employment with said respondent and petitioner Michigan Sugar Company was not continuous inasmuch as the operations of the latter, and in which said claimant was employed, were carried on for a period not to exceed one hundred and twenty (120) days, in the course of a year's time.

"Respondents and petitioners also show that the compensation agreement heretofore referred to, and under which all payments have been made, is inapplicable to the situation presented in the instant case, and that said agreement was executed and payments thereunder were made through mistake and misunderstanding on the part of said respondents and petitioners, that as a result thereof, said claimant has received compensation far in excess of the amount he is legally or equitably entitled to receive; that the agreement in regard to compensation should be modified, the amount said claimant was justly entitled to receive should be computed in accordance with the terms and provisions of the compensation law, and the construc-

tion placed thereon by the honorable Supreme Court of the State of Michigan. Also that said respondents and petitioner should be entitled to receive and recover from said claimant, the amounts which were paid to him through aforementioned mistake of law and fact."

There was a hearing and thereafter a finding and final order, which order the claimant reviews here. Certain recitals and conclusions appearing in the order are:

"The board finds as a fact from the entire files and testimony in the case that the agreement approved December 21, 1916, was entered into by respondents through a mistake, and that said agreement provides for compensation in excess of the amount for which said respondents are liable; that the employment in which applicant was engaged was seasonal, and in computing the compensation to be paid said applicant the only wages that could be considered were those earned by applicant during the period said respondent's plant was in operation, said period being approximately 90 days each year; that said applicant was earning three dollars ($3.00) a day, employed seven (7) days a week, and that when the compensation in this is computed properly said applicant should receive as for total disability four dollars ($4.00) per week instead of the amount specified in the agreement on file; that said respondents have the right to set off the moneys, viz.: four dollars the proper weekly rate of compensation, viz.: four dollars ($4.00), and which the applicant was not entitled to receive against the compensation to which the said applicant is now or may hereafter be entitled under the terms of this order until the total amount of moneys overpaid is consumed. The board further finds that said applicant is at the present time totally disabled in the employment in which he was engaged when injured and that said applicant should receive compensation at the rate of four dollars ($4.00) per week during the period of such total disability.

"It is therefore ordered and adjudged that said petition should be and the same is hereby granted so far as the modification of the agreement is concerned, and

that weekly rate of compensation should be and the same is hereby fixed at four dollars ($4.00) during the period of applicant's total disability, dating from the day of the accident November 16, 1916; and that the total sum overpaid by said respondents shall be applied on the future compensation payable to said applicant until such overpaid amount is entirely consumed."

The position of plaintiff in certiorari is shortly stated in his brief as follows:

"The petition asks defendants be entitled to receive and recover from said claimant the amounts which were paid to him through aforementioned mistake of law and fact.

"What mistake? Who made it? Are they mistakes of law or fact? Upon what facts are these conclusions in pleading made? Taking out the 'fact' found by the board, that claimant is and has been totally disabled by the accident, what fact is pleaded or proven to warrant the order of November, 1918? Nothing. It is too fundamental for doubt, that in all judicial proceedings the pleader must state facts clearly and broad enough to sustain proofs of the claims alleged, and establish them. In no pleading should one be required to be more definite and specific than in asking to be relieved from his agreements. If defendants claim mistake in fact—(in absence of fraud)—they should be required to plead properly and then establish by proof that, the agreement should be avoided through mistake of fact. The only claim in either petition of defendants is that claimant had recovered. The board settled that issue in claimant's favor. Disability is established by the agreement and by two orders of the board. This point covers the facts and reduces the claim of defendants to one of law. This claim is not pleaded, except by inference, and cannot avail, because mistakes of law are not sufficient to impair contract obligations."

It is also claimed for him that the provisions of Act No. 41, Public Acts of 1917, are controlling here.

Of course, the proceeding before the industrial accident board is not a judicial proceeding and there are,

strictly, no pleadings. The board is set up to administer the compensation law, in doing which it acts, principally, as a trier of facts. It did not, in the first instance, in this case, determine the facts. The parties agreed that there had been an accident, that claimant was then totally disabled, and was entitled to compensation. Without any fraud, so far as is claimed or disclosed, upon the part of either, the rate of weekly compensation was fixed at the maximum because claimant's weekly wages were more than twice the amount of the statute maximum. But they were mistaken in supposing that claimant was entitled to receive one-half his weekly wages, but not more than ten dollars. They were mistaken because, while the Michigan Sugar Company employed men all of the year, it employed many more men for a brief season only, the season of the *campaign*. Claimant was not employed by the year, but for the campaign only. He had no such employment at any other time. His employment, yard boss, was peculiar to the work of the campaign. He is claiming that he is still disabled, not because he cannot do work, he admits in his testimony that he has done and can do many things, but because he is still disabled from doing the work which that particular employment required. The average season for the employment is 90 days, his wages were three dollars a day. Beyond these, there are no factors which may be properly used in applying the statute to ascertain what his average annual earnings in that employment were. The industrial accident board determined, and with their computation, according to the theory stated, no fault is found, that claimant's average weekly wage was less than four dollars.

There is evidence to sustain the findings and conclusion of the board. The law as announced in *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298 (L. R. A. 1916D, 724), supports the final conclusion and

order of the board. The amendment of the law of 1917 (Act No. 41) is not applicable, because the accident in question occurred in 1916.

But if the agreement of the parties, though made by mistake, is conclusive, compensation must still be paid at the agreed rate. We think it is not conclusive. The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation. We are not called upon to decide whether an agreed but a too large or a too small compensation having been paid by agreement and the period of payment having ended and all payments having been made, by commutation or otherwise, either party may have recourse against the other by action of the industrial accident board or otherwise. But so long as the matter is depending before the board we are of opinion that in the due administration of the law it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result. The order reviewed in terms and in fact takes nothing from plaintiff in certiorari to which, under the law, he is entitled. It may leave him possessed of a larger sum than the one to which he was entitled. If its effect shall be to give him no less than the compensation which the law has said he shall have, his rights, under the law, have been duly respected.

The order is affirmed, with costs to the defendants in certiorari.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.