Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of Mrs. LUCY C. DRAPER, Widow, Respondent, for Compensation under the Workmen's Compensation Law for the Death of CHARLES E. DRAPER, *v.* W. H. DRAPER & SONS, INC., Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, July 6, 1922.

**Workmen's Compensation Law — Laws of 1920, chap. 534, amending Workmen's Compensation Law, § 15, subd. 3, so as to provide that award in case of death of claimant may be payable to his widow is not retroactive.**

Chapter 534 of the Laws of 1920, amending subdivision 3 of section 15 of the Workmen's Compensation Law so as to provide that " an award made to a claimant under this subdivision shall in case of his death " be payable to the surviving wife of the claimant if there are no children under the age of eighteen years, and otherwise to the wife and children, is not retroactive and does not apply to an award made on a claim which arose out of an accidental injury sustained prior to its passage.

APPEAL by the defendants, W. H. Draper & Sons and another, from a decision and award of the State Industrial Board, entered on or about the 25th day of November, 1921.

*Bertrand L. Pettigrew [Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

An award of seventeen dollars and three cents for 219.6 weeks of disability was made to claimant's intestate on June 23, 1920, for an accidental injury occurring on March 3, 1920. The claimant's intestate came to his death on July 5, 1921, from causes other than his accidental injury. In November, 1921, an award was made to his widow for the balance of the weekly payments under the original award which had accrued after his death and would thereafter acrue. From this award an appeal was taken.

It was formerly the law that in the case of an award for a specific number of weeks of disability to an employee who thereafter died, no sums which under the terms of the award would fall due after his death became payable to his widow or next of kin. (*Wozneak* v. *Buffalo Gas Co.,* 175 App. Div. 268.) Chapter 534 of the Laws of 1920 amended subdivision 3 of section 15 of the Workmen's Compensation Law to provide otherwise. This act became effective on May 5, 1920, which was intermediate the date of the accident and the date of the award in this case. It provides that " an award made to a claimant under this subdivision shall in case of his death " be payable to the surviving wife of the claimant if there are no children under the age of eighteen years, and otherwise to the wife and children under the age of eighteen years. The question here arising is whether or not this act applied to affect this claim which arose out of an accidental injury sustained previously to its passage. " All statutes are to be construed prospectively, and not retrospectively, unless they are otherwise incapable of a reasonable construction." (Per SAVAGE, Ch. J. in *Hackley* v. *Sprague,* 10 Wend. 113.) " It is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." (Per EARL, C., in *New York & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 477.) In *Dash* v. *Van Kleeck* (7 Johns. 502) KENT, Ch. J., in holding that a statute was not retroactive, said that " a statute ought never to receive such a construction, if it be susceptible of any other." This doctrine has been restated in numberless cases, of which the following

are a few: *Matter of Miller* (110 N. Y. 216); *Quinlan* v. *Welch* (141 id. 158); *Geneva & Waterloo R. Co.* v. *N. Y. C. & H. R. R. R. Co.* (163 id. 228); *Germania Savings Bank* v. *Suspension Bridge* (159 id. 362). There may be exceptions to the rule where remedies are afforded relating to the enforcement of previously existing legal or equitable rights. With such exceptions we are not here concerned. When the claimant's intestate sustained his injury he became entitled to an award for 219.6 weeks of disability, subject to termination by his death. The employer and the insurance carrier then became obligated to make payments during such period, subject to such termination. The rights of the parties then became fixed, and no statute subsequently passed should be construed to have the effect of enlarging or diminishing such rights or obligations. We think that no award could properly have been made for payments falling due after the death of the claimant's intestate.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.