## IN RE HIBLER
## KITTLESON v. HIBLER*
### (No. 1472; December 6, 1927; 261 Pac. 648)

MASTER AND SERVANT—RECOVERY UNDER WORKMEN'S COMPENSATION LAW—STATUTE—EVIDENCE—PERMANENT TOTAL DISABILITY—INSTRUCTIONS—WORDS AND PHRASES.

1. In proceedings under Workmen's Compensation Act, particularly Comp. St. 1920, § 4327, where employer alleged injury was due solely to the culpable negligence of the employee, and where workman thereupon demanded a jury trial, *held* on employer's admission at close of testimony that there was no evidence in support of such allegation, refusal of court to thereupon take case from jury on theory that such issue was the only one triable to the jury was not error.

2. In workmen's compensation case as in other cases a verdict approved by the judge of the trial court should not be disturbed unless it appears that there is no substantial evidence to support it.

3. Evidence *held* to sustain finding that injuries to back and arm of employee falling from derrick of oil-drilling rig were permanent, and were sustained in course of employment.

4. Evidence *held* sufficient to support finding that workman falling from derrick of oil-drilling rig was totally disabled by injuries to back and arm.

5. Instruction based on Comp. St. 1920, § 4335, that, if employee after injury ''persisted in unsanitary or injurious practices which tended to impair or retard his recovery,'' he was not entitled to compensation, *held* not improperly modified by addition of the words, ''unless you believe that such unsanitary or injurious practices if indulged in were so engaged in upon the advice of the employee's physician,'' in view of evidence.

6. Under Comp. St. 1920, § 4335, employer has burden of proof that employee persisted in unsanitary and injurious practices tending to impair his recovery.

7. ''Persist,'' as used in Comp. St. 1920, § 4335, denying compensation if employee ''persisted in unsanitary or injurious practices'' tending to impair recovery, means to continue against opposition steadfastly and firmly and against remonstrance.

8. Where Laws 1923, c. 60, § 10, allowing payment for permanent total disability in a lump sum, was in effect at time employee sustained injury, he was entitled to payment in such manner notwithstanding Laws 1927, c. 111, § 5, in effect when award was made.

9. As a general rule, a workman's right to compensation is determined by the law at the time of the injury.

*See Headnotes: (1) Workmen's Compensation Acts—C. J. p. 126 n. 90 New; (2, 3) Workmen's Compensation Acts—C. J. p. 127 n. 95; p. 128 n. 29 New; (4) Workmen's Compensation Acts— C. J. p. 127 n. 95; (5) Workmen's Compensation Acts—C. J. p. 127 n. 7 New; (6, 7) Workmen's Compensation Acts—C. J. p. 40 n. 95; p. 126 n. 92 New; 30 Cyc. 1526 n. 8; (8) Workmen's Compensation Acts—C. J. p. 40 n. 92; (9) Workmen's Compensation Acts—C. J. p. 40 n. 92.

ERROR to District Court, Natrona County; BRYANT S. CROMER, Judge.

Proceeding under the Workmen's Compensation Act by Vance Hibler, employee, against J. W. Kittleson, employer. To review a judgment of the district court allow-

ing compensation for total permanent disability, the employer brings error.

*Durham & Bacheller,* for plaintiff in error.

Investigations under Sec. 4327 C. S. are intended to be informal; the term is used because the proceeding is not technically a trial. Mountain Timber Co. v. Washington, 243 U. S. 227; Zancanelli v. Coal Co., (Wyo.) 173 Pac. 981. The only issue that can be raised in the compensation case is whether the employee was negligent; persistence in unsanitary or injurious practices is a form of negligence, and an instruction was requested on that issue; the refusal of the instruction was error. 28 Cyc. 1627; Dexter v. Thayer, (Mass.) 75 N. E. 223; Miller v. Leib, (Md.) 72 Atl. 466; Wyman v. Turner, (Ind.) 42 N. E. 652; Cohen v. Stevenson, (Conn.) 111 Atl. 565; Galloway v. United Railroads, (Calif.) 232 Pac. 491; Acme Co. v. Westman, (Wyo.) 122 Pac. 89; Ins. Co. v. Summers, 19 Wyo. 441. A monthly payment should have been ordered; Chap. 111 L. 1927; Standard Oil v. Sullivan, (Wyo.) 237 Pac. 253. Instructions I, IV, V, VI, VIII and X unduly emphasized the phrase ''total permanent disability'' and were unfair. 38 Cyc. 1674; Sakamoto v. Coal Co., (Wyo.) 255 Pac. 356; Standard Oil v. Sullivan, supra. The loss of one arm unaccompanied by other disability could hardly be called ''permanent total disability'' under the Act; at any rate it is a question for the jury under instructions.

*R. R. Rose* and *I. G. McCann,* for defendant in error.

The right to trial by jury under the compensation law is governed by the allegations of the employer's report, 4327 C. S.; if a jury be demanded, the cause should be tried as a court proceeding; ''cause'' means case, 2 Words & Phrases 1013-1014; Blyew v. U. S., 20 L. Ed. 638; U. S. v. Rhodes, 27 Fed. Cas. 875; Davidson v. Farrell, 8 Minn. 258. Under the code a trial is defined as a judicial examination of the issues of law or fact, 5720 C. S. There

was no evidence to warrant the giving of the instructions requested by the employer. The injury occurred before the amendment of Section 4335 C. S. by Chap. 111, L. 1927; the terms of the amendment were, therefore, not applicable; exceptions to instructions I, IV, V, VI, VIII and X are not assigned as error in the motion for new trial, but even if this were not so we believe they clearly state the law. The injuries shown by the evidence are not confined to the right arm, but extend to the right shoulder, back and ears. It is also shown that the workman suffers constant pain whenever he attempts to do manual labor; under the facts shown the workman has a total disability. Re Sullivan, (Mass.) 105 N. E. 463, also note following L. R. A. 1916 A p. 380.

KIMBALL, Justice.

In this proceeding the employer, plaintiff in error, contests the claim of the workman, defendant in error, for compensation under the Workmen's Compensation Law. There was a jury trial in the district court, and the judgment on the verdict awarded the workman compensation for total permanent disability.

In the Workmen's Compensation Act it is provided (Sec. 4327, C. S. 1920) that a claim for compensation under that act shall be investigated by the judge of the district court "in such a manner as he may deem necessary to ascertain whether the claim for compensation or the amount thereof is disputed by the employer, and if there be no dispute * * *, and the claim appear to be free from collusion," the judge shall make an order of award in accordance with the facts by him ascertained and the terms of the law. If there be a dispute as to the right "to receive compensation, or as to the amount thereof, then it shall be the duty of said judge to set the case down for a hearing at the earliest possible date," and to direct the giving of notice of the hearing to the employer and the

workman. "If the employer in his report of the injury alleges that the injury was due solely to the culpable negligence of the injured employee, or that the claim for compensation is one not coming within the provisions of this law, then a jury may be demanded by either party, and the *cause* shall be tried, *as a court proceeding.*" Then follow provisions in regard to the selection of the jury, the taking of evidence, fees of jurors, witnesses and court officers, representation by counsel, etc. "At the conclusion of the hearing, the court shall enter an order *pursuant to the verdict of the jury,* if a jury be called, and if no jury be called, the court or judge shall render a decision upon the facts and law of the case * * * and make an order allowing or disallowing compensation, as the law and the evidence may warrant."

In the case at bar, the employer, by an amendment to his report of the injury, alleged that the injury was due solely to the culpable negligence of the workman, and that the claim for compensation was one not coming within the provisions of the law.

It is conceded that those allegations in the employer's report of the injury gave the workman the right to demand a jury. The workman made that demand, a jury was impaneled, and evidence was taken upon all the issues necessary to be decided to determine the right to compensation. After all the evidence had been taken, counsel for the employer admitted that there was no evidence to warrant a finding either that the injury was due solely to the workman's culpable negligence, or that the claim for compensation did not come within the provisions of the law. For the purposes of this decision we shall assume that counsel's view as to the effect of the evidence was justified without, however, deciding anything as to the meaning of the phrase, "that the claim for compensation is one not coming within the provisions of this law," as used in the statute, and without deciding as to the effect of an admis-

sion by the employer that a claim does come within the provisions of the law.

When it appeared that there was no evidence to prove either that the injury was due solely to the culpable negligence of the workman, or that the claim did not come within the law, counsel for the employer moved that the case be taken from the jury and decided by the judge. The motion was overruled, and the case was then submitted to the jury on the issues raised by the evidence. It is claimed that the trial judge erred in refusing to take the case from the jury. The contention is that the statute, which provides for a jury in only those cases where certain issues are raised by the employer's report, means that no other issues shall be submitted to the jury. This presents a question of legislative intention that must be decided upon the language of the statute.

Although the statute makes no provision for a trial by jury except when certain issues are raised by the employer's report, it provides that when a jury is called, the cause shall be tried as a court proceeding, and, at the conclusion of the hearing, that the court shall enter an order pursuant to the verdict. In declaring that the *cause* shall be tried as a court proceeding, we think it was intended that all issues of fact should be submitted to the jury as in other law cases. If it had been intended that, in cases like the one at bar, some of the issues of fact should be decided by the jury and others by the judge, we believe the legislature would have made the intention clear by appropriate language.

While the theory that a judge is better qualified than a jury to decide questions of fact has its advocates, we cannot say that it had the approval of the legislature that passed the Workmen's Compensation Act. In failing to provide for a trial by jury in all contested cases, the legislature probably was not moved by a desire to give anyone the right to a trial without a jury, but was seeking in

certain cases to avoid the delays, inconveniences and expenses incident to the jury trials. It was evidently thought that when, upon proper demand, a jury was in attendance, all issues might be tried before the judge and jury, as in other actions. We are of opinion that in this case the trial judge did not err in overruling the motion to take the case from the jury.

In Zancanelli v. Central Coal & Coke Co., 25 Wyo. 511, 542, 173 Pac. 981, 989, in the course of a discussion of the constitutionality of the Workmen's Compensation Act, and in referring particularly to the limitation on the fees to be charged by attorneys (Sec. 4340, C. S. 1920), it was said that the duties of attorneys are confined to filling blanks, etc. and "in case of contest to trying the one question of the sole culpable negligence of the injured employee." The point we now decide was not then before the court, and the quoted clause from that opinion cannot be considered as authority for holding that the question of the sole culpable negligence of the workman is the only issue that may properly be submitted to a jury in cases like the one at bar.

It is contended that the finding that the disability was total and permanent is not supported by the evidence. On this point we are bound by the rule, applied in other classes of cases, that the verdict approved by the judgment of the trial court should not be disturbed by this court unless it appears that there is no substantial evidence to support it. Standard Oil Co. v. Sullivan, 33 Wyo. 223, 237 Pac. 253; Carter Oil Co. v. Gibson, 34 Wyo. 53, 241 Pac. 219.

The workman was injured by a fall from the derrick of an oil-drilling rig. In falling he first struck on his back and hips on the "dog house," and then on his right arm and shoulder on the ground. The principal and admitted injury was a fracture of a bone of the right arm which, after two unsuccessful operations, has left the arm useless.

There was also an injury to the back, "a crushing or mashing of the sixth lumbar vertebra," which renders movement of the body painful unless the movement be slow and guarded. There was considerable evidence tending to show that both injuries are permanent, and no substantial evidence to the contrary, except the testimony of some of the medical experts who were of the opinion that the arm could be improved by another operation. Other medical experts were of the opinion that another operation would be useless and dangerous. We think the evidence was sufficient to support the finding that both injuries were permanent.

The employer contended that the injury to the workman's back was not caused by the accident in question, but by some earlier accident. The workman denied that he had suffered any previous injury to his back, and testified that the pain there was first noticeable after the accident in question. There was evidence that the flesh near the point of this injury was severely bruised in the fall from the derrick. We cannot say there was no substantial evidence to support a finding that the injury to the back as well as that to the arm was caused by the accident in question.

A more serious question is whether the evidence was sufficient to warrant a finding that the workman was totally disabled. Without going into the details of the evidence submitted on this point on behalf of the workman, we may say that it appears to be sufficient to show that his training fits him for manual labor only, and that the injuries to the arm and back prevent him from doing any work of that kind. Two physicians who testified for the workman were of the opinion that his disability was total and permanent, and gave the reasons for their opinions. In addition to the evidence in the record, the jury and trial judge had the advantage of seeing the workman. While this court might have felt better satisfied with an

award for temporary total or permanent partial disability, we cannot hold that the finding of total permanent disability is not supported by substantial evidence. See, Carter Oil Co. v. Gibson, supra; Sakamoto v. Kemmerer Coal Co., 36 Wyo. 325, 255 Pac. 356.

The employer requested this instruction:

"You are further instructed that if you believe from the evidence that Vance Hibler, subsequent to the accident which occurred on or about the 2nd day of September, 1926, persisted in unsanitary or injurious practices which tended to impair or retard his recovery, then your verdict should be for the Employer, J. G. Kittleson."

The court gave the instruction after modifying it by adding these words:

"unless you believe that such unsanitary or injurious practices, if indulged in, were so engaged in upon the advice of the employee's physician."

The employer complains of the refusal to give the instruction in the form in which it was offered. The instruction was based on Section 4335, C. S. 1920, which, so far as applicable, reads:

"If any injured employee shall persist in unsanitary or injurious practice, which tends to imperil or retard his recovery * * *, he shall forfeit all right to compensation under this act * * *."

It is stated in the brief that the offered instruction was aimed at the use of intoxicants and unreasonable uses to which the claimant subjected his arm.

There was evidence that the workman drank whiskey on several occasions, but it was not shown that he drank to excess, and there was no evidence that his use of intoxicants tended to imperil or retard his recovery.

In regard to the use of the injured arm, the workman testified that on his discharge from the hospital, his physician advised him to exercise the arm, and that he did so by lifting and carrying a pail of water, and by stretching an inner-tube of an automobile tire. There was also evidence that when seeking a job, the workman, to show the condition of the arm, gripped the back of a chair with the hand of the injured arm and struck the injured arm across his good arm. There was no direct evidence to show that these acts tended to retard recovery, and, though several medical expert witnesses were present at the trial, none of them was asked to give an opinion on the subject.

The statute (Sec. 4335, supra), in providing for a forfeiture of all right to compensation under the act, is quite harsh, and must be strictly construed. When the issue is raised, the burden of proof is on the employer. The "practice" must be something more than an occasional thoughtless or careless act, and must be shown to have been persisted in by the injured workman. Among definitions of the verb "persist" we find the following: "To continue steadfast against opposition," (New Standard Dict.); "To continue steadily and firmly in some state, course of action, or pursuit, especially in spite of opposition, remonstrance, etc." (Century Dict.)

The word as used in the statute must be held to carry this idea of opposition or remonstrance, especially if the statute is to be invoked to work a forfeiture of all right to compensation for a disability that is not the result of the practice in question. In this case, the only "practice" which under the evidence might have been held to have imperiled or retarded recovery was the exercise of the injured arm. There was, however, no evidence to warrant a finding that the workman continued the practice in spite of opposition or remonstrance. There was nothing to contradict the workman's testimony from which it appears that, in exercising the arm, he thought he was following

the advice of his physician. The offered instruction might have been refused without error. The giving of it after modification was not prejudicial.

The workman was injured September 2, 1926. The law in effect at that time allowed for permanent total disability a lump sum of $4000. Session Laws, 1923, Ch. 60, Sec. 10. The legislature of 1927, by an amendment that became effective April 1, 1927, provided that the amount, $4000, shall be paid in monthly installments of $60, if the workman be married, and $50 if he be single, unless, on a showing of necessity therefor, the court order that all or some part of the unpaid balance be paid in a lump sum. Under the act of 1927, if the workman die while part of the award remains unpaid, such unpaid part shall be returned to the industrial accident fund and credited to the employer. Session Laws, 1927, Ch. 111, Sec. 5.

The award in this case was made in May, 1927, after the law of 1927 had become effective. The award was of a lump sum following the law as it was at the time of the injury. The employer claims that the court should have followed the law of 1927, and made the award payable in monthly installments.

In discussing this point, counsel for the employer says that no question of vested rights or retroactive laws can be raised, for the reason that the 1927 amendment does not change the amount of the award but merely the manner of payment. This may be conceded to be true if the change in the manner of payment be held to be a mere change in procedure, and not a change in a substantive right. Rish v. Iowa Portland Cement Co., 186 Ia. 443, 170 N. W. 532; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 Atl. 731.

The payment at once of the whole amount under the law of 1923 gives the workman the immediate use of the money, and, of course, if he safely invests it so that it earns profit or interest, he will receive more than by payment in installments under the law of 1927. Upon pay-

ment of the award in a lump sum under the law of 1923 the whole amount becomes a part of the workman's estate that will pass to his heirs on his death, while under the amendment of 1927 a part of the award, on the workman's death, may be returned to the accident fund. It no doubt is true that many workmen, receiving at once a large sum of money, will be tempted to extravagance or to the making of bad investments. We said in Standard Oil Co. v. Sullivan, 33 Wyo. 223, 229, 237 Pac. 253, that the workman in most cases would be as well provided for by monthly payments as by a lump sum payment of the same total account. That was evidently the opinion also of the legislature of 1927 that made the change in the manner of payment. The change, nevertheless, was a change in the substantive law and not merely in the procedure.

The general rule seems to be that the workman's right to compensation is determined by the law at the time of the injury. Kirchner v. Michigan Sugar Co., 206 Mich. 459, 173 N. W. 193; Eberle v. Miller, 170 Minn. 207, 212 N. W. 190; Draper v. W. H. Draper & Sons, 201 App. Div. 770, 195 N. Y. Supp. 162. If we were to hold that the award should have followed the law of 1927, we would be giving to the law a retroactive effect. Assuming that the legislature had the power to make the law of 1927 applicable to claims for injuries sustained before its enactment, we should not give it that construction if it be susceptible of any other. Lee v. Cook, 1 Wyo. 413. There is no claim that the amendment of 1927 contains anything to show an intention that it should operate retrospectively. We therefore are of opinion that in making the order of award the trial judge was right in following the law in effect at the time of the injury.

There are one or two other allegations of error which we need not discuss at length. We have given them care-

ful consideration, and are of opinion that they show no error that would warrant a reversal or modification of the order of award.

*Affirmed.*

BLUME, Ch. J., and POTTER, J., concur.