In the Matter of the Claim of NICHOLAS A. HEIL, an employee of Big Horn Construction Company, NICHOLAS A. HEIL,

*Claimant, Appellant,*

vs.

BIG HORN CONSTRUCTION COMPANY, Employer,
*Respondent.*

(No. 2412; September 28th, 1948; 197 Pac. 2d 692)

176

For claimant and appellant the cause was submitted on the brief of Norman B. Gray, Attorney General, John S. Miller, Deputy Attorney General and Marion R. Smyser, Assistant Attorney General, all of Cheyenne, Wyoming.

There was no appearance for the employer and respondent.

178

## OPINION

RINER, *Chief Justice.*

This case, here by direct appeal, arises under the Workmen's Compensation Act of this state and involves the question whether the District Court of Sheridan County was wrong in making an award of compensation to an injured workman under a section of the Act in force at the time the injury was sustained and not under an amendment thereof passed by the State Legislature subsequently which increased the scheduled rates for the specific injury incurred. The facts to be considered are as follows:

On February 3, 1947 the appellant, subsequently

usually mentioned as the "employee" was a "cat operator" employed by the Big Horn Construction Company hereinafter designated as the "employer" in connection with the business of "distribution and mining of coal". On that day while at work with that machine he was struck on the head by a piece of metal which resulted in a severe laceration of the scalp and a bad skull fracture, comminuted and linear in character, presenting a case of temporary total disability. On the 13th day of February, 1947 the employer filed its report of the accident. February 21 following the employee also filed his report of the accident and on the same day the latter filed his "Application and Claim for Award" under the Workmen's Compensation Act aforesaid. At the time the injury occurred and also at the time the employee's application for compensation was filed, Section 72-121 (c) W. C. S. 1945 provided an allowance for temporary total disability in the sum of $66 per month if "he have a wife *at the time of the injury;*" and if "he have" children under eighteen years of age, he should receive for each, $11 per month, provided, however, that the total monthly payments should not exceed $121 per month. At the time the employee was hurt he had a wife and three children, these children having the ages of seven and twelve years respectively while the third one was but eleven months old.

The Twenty-Ninth Legislature of the State of Wyoming was engaged in holding its biennial session during the period January 14, to February 22, 1947 both dates inclusive. That body by an act approved February 25, 1947 amended and re-enacted among other sections relating to the Workmen's Compensation law aforesaid and awards to injured workmen and their dependents, Section 72-121 (c) supra (Section 4 (c), Ch. 147, Laws of Wyoming, 1947) so that the award allowance for temporary total disability was changed

and increased to $90 per month for a married employee and an additional allowance of $13 per month for each child under the age of eighteen years, these monthly payments, however, not to exceed $155 per month. This amendment read as did the Section 72-121 (c) supra "if he (the employee) have a wife *at the time of the injury*" etc. The law thus enacted became effective February 25, 1947.

March 3, 1948 an order of award was made to the employee, the sum allowed by the District Court being based upon the provisions of the statute in force at the time of the injury, the total amount of award being fixed at the sum of $99 per month.

January 10, 1948 the employee filed his Petition to Re-Open and Modify Order of Award stating therein that his condition "has remained unchanged" since his recovery from the immediate effects of said injury but he has received medical advice that he may eventually recover so as once more to be "gainfully employed" but that now he is still suffering from temporary total disability under said Workmen's Compensation Law. His petition asserted that under the amended law above described, the allowance to him during his temporary total disability on and after February 25, 1947 should be fixed in the sum of $129 per month. A demurrer was filed by the employer to this petition and sustained by the court on January 21, 1948. The employee declining to plead further, the court entered a final order denying the petition for an increase of the monthly payment. It is from this order that this appeal was prosecuted.

The Attorney General of this state acting pursuant to law in behalf of the employee brought the proceeding in this court and has filed an abstract of the record and a brief in support of his contentions in the case.

No appearance or brief was filed by the employer. The cause was thereafter submitted on the appeal papers filed as aforesaid by the Attorney General through his written direction to that effect (Rule 21 of this Court).

We have hereinabove stated the question which is now before us for decision, viz., whether the employee's compensation for the injury incurred should be for the larger amount as sought in his Petition to Re-Open aforesaid or whether the law operative at the time of the injury should govern.

Section 16-404 W. C. S. 1945 reads:

"Whenever a statute is repealed or amended such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecutions or proceedings, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

This statute was taken verbatim from Section 26 of the General Code of Ohio except that in the code of that state "prosecutions or proceedings" just preceding the word "existing" in the Wyoming Law are written "prosecution or proceeding". In short, the two statutes are for all practical purposes identical.

Does an application for compensation under the Workmen's Compensation law of Wyoming result in a pending "proceeding" within the provisions of Section 16-404 supra? We are inclined to affirm that it does. We are not without authority on the point. In Industrial Commission of Ohio vs. Vail, 110 Oh. St. 304, 143 N. E. 716, the Supreme Court of Ohio decided that:

"An application for compensation under the Work-

men's Compensation Law (Gen. Code, §§ 1465-37 to 1465-108) filed with the Industrial Commission of Ohio prior to August 16, 1921, the date the amendment to section 1465-90, General Code, became effective, is a proceeding, within the provisions of section 26, General Code, which ripens into an action upon an appeal from a denial of such claim by the Industrial Commission, and the amendment is not applicable in the trial of such action."

This decision was quoted and followed in the same court in the subsequent case of W. S. Tyler Company vs. Rebic, 118 Oh. St. 522, 161 N. E. 790 where one of the questions presented was:

"whether the appeal from the denial of the claim of Rebic by the Industrial Commission was governed by section 1465-90, General Code, as amended in 111 Ohio Laws, p. 227, effective July 14, 1925, or whether it is controlled by said section as it existed prior to said date;"

In the case last cited it was accordingly held that:

"the oral demand made by Rebic of his employer on June 6, 1925, was of such character as to constitute his claim a 'pending proceeding,' "
The court said:

"we think the principle of the Vail Case applies, and our conclusion is that the judgment of the court below upon this point was correct."

Another question which arises under Section 16-404 supra is—when does a cause of action "exist" in favor of the employee under the Workmen's Compensation law of Wyoming? In Industrial Commission of Ohio vs. Kamarth, 118 Ohio State 1, 160 N. E. 470, it was held that the cause of action of an injured employee under the Ohio Workmen's Compensation law accrues at the time he receives an injury in the course of his employment and as a consequence the court further held that the provisions of the General Code relating to compensation of injured employees or the depend-

ents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the State Insurance Fund. This ruling was thereafter followed in State ex rel. Westley vs. Industrial Commission of Ohio, 59 Oh. App. 486, 18 N. E. 2d 810 where the court said:

"The cause of action of the injured employee accrues at the time he receives the injury . . . and any right must be measured by the applicable statutes in force at the time of the injury."

These views thus expressed by the Ohio Appellate courts would seem to be in accordance with the weight of authority especially in view of the language of our law listing the awards that shall be made thereunder. Our statutes, as the italicized language supplied as above "at the time of the injury" would indicate, would appear ordinarily to fix the time when the employee's status for compensation as to dependents is to be determined and not at some time after the injury has occurred, unless a subsequent law should declare otherwise in express terms.

Counsel for the employee state in their brief that they are "not unaware of Section 16-404 W. C. S. 1945" but they do not supply us with any satisfactory reason why we should disregard the statutory rules of construction in that section prescribed. It is perfectly evident from a perusal of Section 72-121 and its subsection (c) as amended by Ch. 147, Laws of Wyoming, 1947, that no where in that chapter is it expressly stated that the new law and schedule of compensation for injury incurred under the later enactment should apply also to pending proceedings or affect causes of action existing at the time of its approval by the chief executive of this state.

What has been said above would seem quite sufficient

to oblige us to answer the controlling question herein by ruling that the new compensation schedule for temporary total disability provided by Ch. 147, Laws of Wyoming, 1947 above referred to, can have no application here.

But additionally in Kittleson vs. Hibler, 37 Wyo. 332, 261 Pac. 648, it was stated:

"The general rule seems to be that the workman's right to compensation is determined by the law at the time of the injury. Kirchner v. Michigan Sugar Co., 206 Mich. 459, 173 N. W. 193; Eberle v. Miller, 170 Minn. 207, 212 N. W. 190; Draper v. W. H. Draper & Sons, 201 App. Div. 770, 195 N. Y. Supp. 162. If we were to hold that the award should have followed the law of 1927, we would be giving to the law a retroactive effect. Assuming that the legislature had the power to make the law of 1927 applicable to claims for injuries sustained before its enactment, we should not give it that construction if it be susceptible of any other. Lee v. Cook, 1 Wyo. 413. There is no claim that the amendment of 1927 contains anything to show an intention that it should operate retrospectively. We therefore are of the opinion that in making the order of award the trial judge was right in following the law in effect at the time of the injury."

That was a case of total permanent disability under the Wyoming Compensation law. This rule was followed in Mustanen vs. Diamond Coal Company, 50 Wyo. 462, 62 Pac. 2d 287, a case involving permanent partial disability under the same law. Concerning these decisions, counsel state they are not "unaware" of them and further say that they "have no quarrel" with them provided they are applied only to those two types of cases, viz., permanent total and permanent partial disability matters. It is asserted that the application of these rulings of this court by the trial court to the claim here for temporary total disability was wrong. Such a holding, counsel say, would and

does lead to an "incongruous result". We are unable to see that this is so.

In this connection our attention is directed to an opinion rendered by a former Attorney General of Wyoming on March 1, 1923 in which the then State Treasurer was advised that an injured workman for temporary total disability might properly be awarded an increase of a previous award of compensation. The workman in the case presented to the Attorney General at that time was injured in November, 1920 and the court awarded him compensation as provided by the law at that time in effect. Laws of Wyoming, 1921 Ch. 138 amended the existing schedule of payments on account of temporary total disability by increasing the amounts payable from the workmen's compensation fund for that type of disability and this rate last mentioned the opinion of the offical aforesaid held could properly be applied. Nothing was said by the Attorney General about the later law "expressly" referring to injuries which had been incurred before this later law became operative. As a matter of fact that law expressly provided for its taking effect "from and after the first day of April, A. D. 1921."

The opinion of the official last mentioned relies upon and cites but one case, Talbot vs. Industrial Insurance Co., 108 Wash. 231, 183 Pac. 84 which he says was a "case decided under similar circumstances" as the one he was considering; however, that was a case where the workman was "permanently and totally disabled." If the Attorney General in 1923 considered the ruling of the ultimate appellate court in another state jurisdiction dealing with permanent total disability as applicable in the matter before him—temporary total disability—it would seem somewhat strange for his successor to now insist that it would be "an incongruous result" for the trial court and for us to apply

here at this time a decision of this court (Kittleson vs Hibler supra) also dealing with the matter of permanent total disability but reaching a result directly contrary to the one announced in the Talbot case.

It may be noted, too, that in the comparatively recent (January 20, 1944) case of Lynch vs. State, 19 Wash. 2d 802, 145 P. 2d 265, that court said:

"It is also the general rule in this state that awards payable under the Workmen's Compensation Act are governed by the law in effect at the time the injury to the workman occurred." Citing no less than five previous decisions of the Supreme Court of Washington as authority for this statement, all decided subsequently to that in the Talbot case.

In the Lynch case supra it may be of interest to observe further that the Washington court also there said:

"It will be noted that in the Talbot case the court did not say that the allowance of the increased payment was in 'no sense' a retroactive application of the amendatory statute, but simply said that so to apply the amendment did not amount to giving it a retroactive effect *contrary to the intention of the legislature.*"

We are also asked to consider the case of Schmidt vs. Wolf Contracting Co., 55 N. Y. S. 2d 162 as a decision to be invoked persuasive in the determination of the case at bar. The District Court of Appeal of California said concerning that case in Aetna Casualty and Surety Co. vs. Industrial Accident Commission, —Cal. App.—, 174 Pac. 2d 41 that the Schmidt case is "out of harmony with all the authorities in this and other states". We also call attention to the language of the Supreme Court of California in the Aetna Casualty and Surety Co. case supra when it reached that court upon hearing granted (30 Cal. 2d 388, 182 Pac. 2d 159) the opinion therein being filed June 26, 1947. That court then said:

"In Schmidt v. Wolf Contracting Co., 269 App. Div. 201, 55 N. Y. S. 2d 162, affirmed, 295 N. Y. 748, 65 N. E. 2d 568, relied upon by respondents, it was held that a statute increasing both temporary and permanent disability payments for a limited period was intended to operate retrospectively. The court reached its conclusion on the ground that the statute contained an introductory recital 'Because of existing conditions due to the war' which would have been surplusage had the Legislature intended to restrict the increase to employees injured after the effective date of the amendment. Workmen's Compensation Law, Consol. Laws c. 67, § 15, subd. 6. The implication from that decision is clear that if, as in the present case, the statute did not contain the quoted language it would have been construed to apply prospectively only."

Additionally pertinent views of the Supreme Court of California which we now regard as of persuasive force, in the case at bar in the opinion last cited are as follows:

"The authorities support the conclusion that a statute changing the measure or method of computing compensation for disability or death is given retrospective effect when applied to disability or death resulting from an injury sustained before the effective date of the statute." Citing an extended list of authorities.

Also:

"Our conclusion is that it does not clearly appear from the language of the amended statute, or by necessary implication, that the Legislature intended it to apply in cases where the injury occurred before the effective date of the enactment. On the contrary, it must be assumed that the Legislature was acquainted with the settled rules of statutory interpretation, and that it would have expressly provided for retrospective operation of the amendment if it had so intended. Accordingly the commission improperly gave a retrospective effect to the amendment by applying it to claims arising out of injuries occurring prior to the date of its enactment."

The award in that case and those in fourteen others of similar character were consequently annulled.

See also 71 C. J. 335 and cases cited from some twenty state and national jurisdictions as upholding the rule adopted by this court in the Kittleson Case supra. We do not see how we can do otherwise than express our approval of the order made by the District Court of Sheridan County and now under review. That order should accordingly be affirmed.

*Affirmed.*

KIMBALL, J., and BLUME, concur.