Earl A. BEMIS, Appellant (Employee-Claimant, below),

v.

TEXACO, INC. (Employer-Defendant, below),

and

Wyoming State Treasurer, Appellee.

No. 3414.

Supreme Court of Wyoming.

April 6, 1965.

Rehearing Denied May 11, 1965.

See 401 P.2d 708.

Robert A. Burgess, Casper, for appellant.

John F. Raper, Atty. Gen., Thomas A. Burley, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Earl A. Bemis, an employee of Texaco, was injured by an industrial accident on May 29, 1954. X ray revealed a compression fracture of the interior part of the eighth dorsal body. This fracture was reported well healed by January 22, 1955, and employee was discharged from treatment March 1955. On October 17, 1963, reexamination showed that increased arthritic changes in the 1954 fracture caused a 17 percent disability of the employee's body. In December 1963 Bemis filed an application and claim for award under the Workmen's Compensation Law for 17 percent permanent partial disability, and Texaco approved the claim for $2,040, such amount being based on the provisions of c. 204, § 3, S.L. of Wyoming, 1961. At the instance of the Workmen's Compensation Department and the State Treasurer, the amount was reduced to $1,275, it being their position that the applicable law was c. 143, § 40, S.L. of Wyoming, 1951, and the employee appealed.

Appellant contends that the order entered by the trial court, which reduced the amount, should be reversed because:

(1) The district court did not have jurisdiction to enter the order appealed from as the State Treasurer did not file a petition to reopen the case as required by law, and if a proper petition were filed it was not filed within thirty days after receipt of the order of award as required by law; and

(2) The compensable injury did not occur at the time of the accident, but occurred in

1963 when arthritic changes caused a 17 percent permanent partial disability.

In Claim of Heil, 65 Wyo. 175, 197 P.2d 692, this court, in dealing with a factual situation different from the case at bar, noted with approval the holding in Ohio that provisions relating to compensation of injured employees in force at the time a cause of action accrues are the measure of the right of such employees to participate in the fund and stated, 197 P.2d at 694, that our statutes "would appear ordinarily to fix the time when the employee's status for compensation as to dependents is to be determined" at the time of the injury and not at some time afterward.

In Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761, 762, it was stated:

" * * * The obligations and rights of the parties as to weekly compensation and other benefits to the employee do become fixed at the date of a *compensable accident* * * *. The rate of compensation * * * for injury * * * may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time." (Emphasis supplied.)

Problems have often arisen on a somewhat allied subject, that is, whether Workmen's Compensation in force at the time of an accident or that at the time of a workman's resulting death determines the compensation recoverable by a dependent. In this there has been little unanimity of agreement. Annotation, 82 A.L.R. 1244. But even so, that question is substantially different from the one before us, and any solution would be of slight benefit.

Appellant cites as authority for his position Allen v. Kalamazoo Paraffine Co., 312 Mich. 575, 20 N.W.2d 731, wherein it was held that when an eye was injured in an industrial accident, but not to the extent that a compensable injury occurred at the time of the accident, that when the eye deteriorated to the extent it became compensable, the schedules for payment at the time of the loss of the eye were to be followed and not the schedules at the time of the accident. We are inclined to believe that the holding in the Allen case deserves most careful consideration. Appellee attempts to distinguish it by noting that there the court was dealing exclusively with a specific loss schedule, and asks this court, "How can a person be compensated for the loss of his arm, leg, foot or eye until such time as he actually suffers the loss?" As far as we are concerned, this is not a helpful question. Obviously, a person cannot be compensated for such a loss until the loss is suffered, but the question is still left, "Having suffered a loss, is the compensation schedule in effect at the time of the original accident to be used or is the compensation schedule in effect at the time the injury becomes compensable to be used?" Appellee also points to the later case of Tarnow v. Railway Express Agency, 331 Mich. 558, 50 N.W.2d 318, insisting that it is closely in point with the case at bar. There the employee was injured in 1939 but continued to work until March 1944. In 1949 an operation was performed which indicated that his disability occurring in March 1944 was due to the 1939 injury. In 1943 the Michigan laws were amended so that no compensation could be awarded by the commission for any period more than one year prior to the date of the filing of the application. The controversy in the Tarnow case centered about the employee's right to receive compensation on his application in 1949 back to the time of his 1944 disability. Since that court was concerned with the right of an employee to petition for further workmen's compensation and not with a changed fee schedule, the case is not in point.

We recognize the well established rule that statutes are not to be applied retroactively unless so provided therein, and this is especially true when substantive rights of parties are involved. Claim of Heil, supra. Nevertheless, in instances where employment has continued until the time of actual disability, we must hold that, where disability becomes a fact after a change

in compensation rates, such changes have become an integral part of the employment status. This, of course, is not to say that the actual time of disability and the cause thereof is not a matter of proof—the burden of which would be upon the employee. Although the appellee now argues that the only event which took place in 1963 was that a determination was made relative to the degree of the appellant's disability, this was not a matter raised before the trial court.

This court's holding that where disability becomes a fact after a change in compensation rates, such changes have become an integral part of the employment status, makes unnecessary any discussion regarding appellant's contention that the district court did not have jurisdiction to enter the order appealed from.

Reversed.