# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 45

APRIL TERM, A.D. 2014

April 8, 2014

TY ROUSH,

Appellant
(Defendant),

v.

S-13-0111

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellant:*
> Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellant Counsel

*Representing Appellee:*
> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey Pope, Assistant Attorney General

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**DAVIS**, Justice.

[¶1]     Appellant Ty Roush entered a conditional guilty plea to a single count of third degree sexual assault, a violation of Wyo. Stat. Ann. § 6-2-304(a)(i), reserving the right to challenge the district court's conclusion that the State could prosecute him under that statute, which was repealed in 2007.  We agree with the district court that it could, and consequently we affirm.

## ISSUE

[¶2]     Did Wyoming's general saving statute,[1] Wyo. Stat. Ann. § 8-1-107 (LexisNexis 2013), permit the State to initiate a third degree sexual assault prosecution in 2011 for conduct which preceded the repeal of Wyo. Stat. Ann. § 6-2-304(a)(i) (LexisNexis 2005) (repealed 2007) by more than four years?

## FACTS

[¶3]     In early 2011, JD, a young male who was approximately seventeen years old, reported to a counselor that Appellant Roush had sexually abused him repeatedly from 2001 through 2003, during a time when the boy was approximately seven to nine years old.  Roush would have been about fourteen to seventeen years old at the time of the alleged offenses.  JD indicated that Roush made him perform oral sex on him.

[¶4]     While investigating that report, Riverton police interviewed JD's sixteen-year-old female cousin, AL.  She revealed that she had suffered the same sort of sexual abuse at Roush's hands from 2000 through 2002, when she was between five and seven years old and Roush was between fourteen and sixteen.  Both JD and AL indicated that they were victimized in the basement of their grandmother's home in Riverton.  Roush generally confirmed JD's accusations.

[¶5]     On October 14, 2011, the Fremont County and Prosecuting Attorney charged Roush with two counts of second degree sexual assault under Wyo. Stat. Ann. § 6-2-303(a)(v) (LexisNexis 2005) (repealed 2007).[2]  That statute prohibited a person at least four years older from inflicting sexual intrusion on a victim under the age of twelve.  Count I related to AL and Count II to JD.

---

[1] This statute is not to be confused with Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2013).  The latter allows a plaintiff one year to commence a new action if a civil claim fails "otherwise than upon the merits" in a previous proceeding, and it is also sometimes referred to as a "savings statute."

[2] Criminal prosecutions are governed by the law in effect on the date of the crime.  Wyo. Stat. Ann. § 6-1-101(b) (LexisNexis 2013).  Because most of the provisions of § 6-1-101 directly relate to a major revision of the criminal code in 1983, we have held that those provisions are for the most part no longer important. *Eaton v. State*, 2008 WY 97, ¶ 124, 192 P.3d 36, 89 (Wyo. 2008).

1

[¶6] Roush filed a motion to dismiss both counts, arguing that he could not be prosecuted under § 6-2-303(a)(v) because it had been repealed four years before he was charged, and because the repealing legislation did not include a saving clause[3] that kept the repealed statute viable with respect to crimes committed before its repeal. He also contended that Wyoming's general saving statute was inapplicable to his case because it only applied to prosecutions that were pending when § 6-2-303(a)(v) was repealed, and not to prosecutions like his that were commenced after repeal.

[¶7] In early August of 2012, the district court continued Roush's trial after being advised that the parties were engaged in plea negotiations. They entered into a plea agreement which called for the State to dismiss the second degree sexual assault charge relating to JD, and to reduce the second degree charge relating to AL to third degree sexual assault under Wyo. Stat. Ann. § 6-2-304(a)(i). Roush was to receive a four to six year sentence which would be suspended in favor of five years of probation. The parties also agreed that his motion to dismiss would be converted from a challenge relating to the repealed § 6-2-303(a)(v) to one challenging repealed § 6-2-304(a)(i) on the same grounds. In return, Roush agreed to enter a conditional guilty plea[4] to the reduced charge, reserving the right to appeal an unfavorable disposition of the motion to dismiss.

[¶8] The court later accepted the plea agreement but denied Roush's motion to dismiss. In its order denying that motion, the court explained as follows:

> [T]here was no pending prosecution in this case in 2007 when the Legislature repealed W.S. § 6-2-304(a)(i). However, the second sentence in W.S. § 8-1-107 [the general saving statute quoted above] saves "existing" causes of action, prosecutions and proceedings. The legislature evidently intended to differentiate between "pending actions, prosecutions, and proceedings" and "causes of action, prosecutions, and proceedings existing at the time of the amendment or repeal." Adopting Defendant's interpretation

---

[3] Saving clauses and general saving statutes are intended to alter common law rules relating to the effect of statutory amendments and repeals. Under the common law, an amendment or repeal – as of its effective date – extinguished any rights or liabilities created by the old law and required the termination of any action or prosecution which had not been completed by the effective date of the amending or repealing act. Saving provisions allow the initiation of new proceedings and the continuation of pending proceedings under the old law after it has been amended or repealed. 1A *Sutherland Statutory Construction* § 23:38 (7th ed. updated 2013); 82 C.J.S. *Statutes* § 598 (updated 2013).

[4] Wyoming Rule of Criminal Procedure 11(a)(2) provides that, with court approval and prosecutorial consent, a defendant may enter a conditional guilty plea and reserve the right to seek appellate review of an adverse ruling on a specified pretrial motion. If he prevails on appeal, he may withdraw his plea.

of W.S. § 8-1-107 would render the second clause of its second sentence superfluous and effectively without meaning.

The Legislature also apparently intended to differentiate between criminal and civil proceedings in W.S. § 8-1-107. The term "cause of action" generally refers to civil proceedings, and is defined as "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary (9th ed. 2009), cause of action. It can also generally be defined as "a situation or state of facts that entitles a party to maintain an action in a judicial tribunal." *Id.* Therefore, the Legislature apparently intended to preserve a party's right to bring a civil suit based on situations or states of fact existing at the time a civil statute is repealed or amended, unless otherwise provided. Logically, it likewise intended to preserve the State's right to prosecute a person for a crime based on states of fact or situations existing at the time a criminal statute is repealed or amended, unless otherwise provided in the amended or repealing statute, which it did not do in this instance.

After that ruling, Roush was sentenced in accordance with the terms of the plea agreement, and he timely perfected this appeal.

## DISCUSSION

[¶9] Roush offers up the same interpretation of Wyoming's general saving statute that he advanced in the district court. Questions as to the proper construction of a statute are issues of law which this Court reviews *de novo. Balderson v. State*, 2013 WY 107, ¶ 10, 309 P.3d 809, 811 (Wyo. 2013). In answering such questions, the Court looks to the ordinary meaning of the words used in a statute, giving due regard to their arrangement and connection. We review the statute as a whole, with an eye to giving effect to every word, clause, and sentence so as to avoid nullifying any part of it. *Powder River Basin Resource Council v. Wyo. Oil & Gas Conservation Comm'n*, 2014 WY 37, ¶ 19, 320 P.3d 222, 228 (Wyo. 2014).

[¶10] The statute in question provides as follows:

If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. If the repeal or amendment

3

relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of the amendment or repeal, unless otherwise expressly provided in the amending or repealing act.

Wyo. Stat. Ann. § 8-1-107 (LexisNexis 2013).

[¶11] In Roush's view, we should transform the phrase "prosecutions . . . existing at the time of the . . . repeal" – found in the second half of the statute's second sentence – to read "prosecutions . . . pending at the time of the . . . repeal." Doing so would require this Court to ignore the obvious. The legislature employed the word "pending" twice in the brief statute, and its shift to the word "existing" cannot be viewed as anything other than a purposeful choice to which some effect should be given. Moreover, if we were to transform the language as Roush suggests, we would render the first sentence of the statute repetitive and meaningless. The district court properly recognized these problems with Roush's proposed interpretation.

[¶12] Based on the express language in the statute, we conclude that the legislature did not intend to affect any already-initiated court action by a statutory repeal or amendment made during the pendency of that action, unless the repeal or amendment went to the remedy available through that action and if the legislature expressly noted in the repealing or amending act that it intended to apply the change in remedy to pending actions. The statute also preserves "existing" but not yet "pending" court actions unless a repealing or amending act expressly sets out a contrary intent.

[¶13] As to the difference between an "existing" prosecution and a "pending" prosecution, the district court looked to the phrase "[existing] causes of action" and concluded that it referred to a situation or group of operative facts that entitles one person or entity to bring another into court to obtain some remedy. It further concluded that by placing that phrase immediately before "[existing] prosecutions or proceedings," the legislature also intended the meaning of the former to apply to the latter. In short, the district court determined that the legislature intended to allow the initiation of a civil or criminal action after a change in a statute even though the facts triggering a legal liability under a previous statute occurred prior to that change.

[¶14] After reviewing the statute *de novo*, this Court can find no flaw in the district court's analysis of the plain language of § 8-1-107. Furthermore, we note that the scope

4

of Wyoming's general saving statute, so construed, is faithful to its heritage.[5] The current statute and its predecessor, W.C.S. § 16-404 (1945), are nearly identical, with the current version exhibiting only minor, purely stylistic changes. The legislature took § 16-404

> verbatim from Section 26 of the General Code of Ohio except that in the code of that state "prosecutions, or proceedings" just preceding the word "existing" in the Wyoming Law are written "prosecution, or proceeding". In short, the two statutes are for all practical purposes identical.

*Heil v. Big Horn Construction Co.*, 65 Wyo. 175, 181, 197 P.2d 692, 693-94 (Wyo. 1948).

[¶15] Section 26 of Ohio's General Code originated in 1856 legislation which in substance provided that "repeals shall in no manner affect pending actions founded thereon, nor causes of action not in suit prior to such repeal, unless the repeal so provided." *Smith v. New York Cent. R. Co.*, 170 N.E. 637, 639 (Ohio 1930). The Ohio Supreme Court decided that Section 26 must be read to distinguish between "pending actions, prosecutions or proceedings" and "causes of action, prosecutions or proceedings existing at the time of the amendment or repeal" – the latter of which relates to the protection of rights accrued prior to a repeal where no legal action was initiated before the repeal. *Id.* at 639-40. The district court arrived at the same conclusion when it interpreted the Wyoming statute, and so do we.

[¶16] Construing § 8-1-107 as we have is also consistent with cases determining the scope of similar statutes enacted by a majority of our sister states. "[A] majority of jurisdictions have enacted general saving statutes with the express purpose to continue repealed statutes with respect to **past activity** and pending legal actions." 1A *Sutherland, supra,* § 23:38 (emphasis added). Thus, those statutes do more than allow actions or prosecutions commenced prior to a repeal to proceed to conclusion. They preserve any substantive private rights, liabilities, rights of action, penalties, forfeitures, or offenses which accrued under the repealed statute and allow any action thereby predicated on the repealed statute to be commenced and prosecuted to conclusion after repeal. *Id.*

[¶17] General sources also indicate that saving statutes permit the prosecution of individuals who violate a law that is repealed before criminal proceedings are initiated. Such prosecutions are governed by the statute in effect when the facts giving rise to

---

[5] When our legislature adopts a statute from another jurisdiction, the case law of that jurisdiction is a persuasive aid to divining the intent underlying the Wyoming statute. *Palato v. State*, 988 P.2d 512, 514 (Wyo. 1999).

criminal liability occurred.  82 C.J.S., *supra*, § 598; 73 Am. Jur. 2d *Statutes* § 298 (updated 2014).

[¶18]  For all of these reasons, we hold that Wyoming's general saving statute, Wyo. Stat. Ann. § 8-1-107, permitted the State to prosecute Roush for third degree sexual assault under Wyo. Stat. Ann. § 6-2-304(a)(i) for conduct which preceded its repeal by more than four years.

## CONCLUSION

[¶19]  The district court correctly concluded that the State could prosecute Roush under a provision of the third degree sexual assault statute which survived that provision's 2007 repeal by virtue of Wyoming's general saving statute.  We consequently affirm the district court's denial of his motion to dismiss, and likewise affirm the judgment and sentence.