## ROMANCHUK *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—PURPOSE OF ACT.

    The purpose of the workmen's compensation act is to provide compensation for accidental injuries to employees at rates which the law itself, directly or indirectly, but certainly, fixes, a claimant being entitled to receive, and his employer obligated to pay, no more and no less than the statutory compensation.

2. SAME—POWER OF DEPARTMENT.

    So long as a proceeding to recover compensation is pending before the department of labor and industry it has power so to limit payments, by its orders, that the statutory sum, no more, no less, shall be paid and received.

3. SAME — MISTAKE — HERNIA — HEART — INJURY TO INTERCOSTAL NERVE.

    Employee who suffered accidental injury in falling from a bench and claimed injury to left side and pain in the heart, received compensation for partial disability on amended petition for left, incomplete, inguinal hernia, *held,* entitled to compensation after repair of hernia because of injury to intercostal nerve which plaintiff had mistakenly believed to be a pain in the heart.

    WIEST and CHANDLER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted June 6, 1939. (Docket No. 7, Calendar No. 40,386.) Decided November 9, 1939.

Andrew Romanchuk presented his claim against Ford Motor Company, employer, for compensation for accidental injuries sustained while in defendant's employ. On petition to stop compensation. Petition denied. Defendant appeals. Affirmed.

*Dann & Atlas,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

POTTER, J. Plaintiff while working for defendant suffered an injury arising out of and in the course of his employment October 19, 1935. Defendant filed a report of compensable accident showing that according to its information the employee was standing on a steel bench cleaning a machine when his feet slipped from under him and in falling he struck his left hip on the bench where he had been standing; that he first noticed having a cough with soreness in his left side of the chest after falling and thinks his fall caused the cough and soreness in his chest. He suffered a contusion of the left hip. The contused area on the left was approximately six inches by three inches along the crest of the ilium. It reported that medical opinion was that there was no connection between the injury and the chest and heart condition. Attached to its report, it reported it did not feel it was a compensable case because the employee's disability, if any, was not the result of an accidental injury arising out of and in the course of employment and that the employee lost no compensable time because of the injury, his loss of time

being due to other causes. In the notice and application for adjustment of claim, plaintiff alleged:

"The accident happened as follows: I was cleaning a machine which was about 10 feet high, and in order to reach the top to clean it I had to get up on the top; there was a lot of oil on the bench which was adjoining said machine; in order to get off machine I stepped on the bench and my foot slipped and I fell on the bench.

"The injury is: Left side and left hip contused from which pain in the heart developed."

Defendant claimed plaintiff suffered no disability and that the disability, if any, was not the result of an accident arising out of and in the course of his employment.

The matter was brought on before deputy commissioner Lappin on April 27, 1936, and the hearing was continued on May 28, 1936. Plaintiff was of Polish nationality, unable to understand English, and at the conclusion of the hearing on May 28, 1936, the deputy commissioner announced he would send the case back to be dismissed. Later, on July 27, 1936, the matter was taken up before the deputy commissioner and plaintiff asked to amend the notice and application "to include left, incomplete, inguinal hernia." He claimed two grounds of disability, a heart condition and left, incomplete, inguinal hernia as a result of the accident. Plaintiff was again sworn. Medical testimony was introduced. There was considerable examination in relation to the heart condition, the physicians testifying that the heart condition was not due to the injury but that the hernia above mentioned was due to such condition. An award of compensation was made at $12 a week for partial disability from October 23, 1935, to August 8, 1936. August 14, 1936, an appli-

cation was made by defendant for review of claim before the department of labor and industry. This resulted in an opinion by the department and an order reducing the compensation to $9 a week from October 23, 1935, and until the further order of the department. An agreement with the injured employee in regard to compensation was made July 23, 1937, and approved by the department July 29, 1937. Petition to stop reduced compensation was filed in February, 1938. This indicated plaintiff had been examined by a regularly licensed physician and surgeon and this examination disclosed his hernia had been successfully repaired and there was no evidence he was suffering disability therefrom. Dr. Kennedy was sworn and he corroborated the fact that plaintiff had recovered by reason of an operation from the hernia, and that he was not suffering from heart trouble. Dr. Novy was sworn and he testified he made a rather complete examination of plaintiff, that he went over him very carefully and took an electrocardiogram which indicated nothing abnormal. He concluded from his examination there was a definite injury to the intercostal nerve on the left side of the chest; that, in his opinion, there was a causal relationship between the accident suffered by plaintiff and the injury from which plaintiff was then suffering. The deputy commissioner denied the petition to stop compensation. Appeal from this denial was taken to the department of labor and industry where the award of the deputy commissioner was affirmed and plaintiff held entitled to recover compensation in accordance with the order of the department of January 12, 1937.

The sole question is whether there was competent testimony that plaintiff's injury was the result of his accidentally falling.

Plaintiff knew he had a pain in the region of his heart. He thought he had heart trouble. The physician who sent him to Dr. Novy thought his heart was injured because he suffered pain in that region. But Dr. Novy, whose conclusions no one questions, found plaintiff had suffered an injury to the intercostal nerve on the left side of the chest and that there was a definite causal connection between the accident suffered by plaintiff and this injury. The injury as reported by the defendant is not inconsistent with plaintiff's claim that his left side and hip were injured as a result of his accidental fall.

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation. * * * So long as the matter is depending before the board * we are of opinion that in the due administration of the law it has power so to limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result." *Kirchner* v. *Michigan Sugar Co.*, 206 Mich. 459.

See, also, *Richards* v. *Rogers Boiler & Burner Co.*, 248 Mich. 155; 252 Mich. 52.

Further investigation showed his heart was not injured but that he suffered an injury to the intercostal nerve on the left side of the chest. The award made was for what was ultimately found to be the matter with plaintiff who had thought with good

---

* The board here referred to was the industrial accident board. Its powers and duties were transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—Reporter.

reason and claimed that something else was the matter.

There was testimony to sustain the conclusions arrived at by the department of labor and industry and its award is affirmed, with costs.

Butzel, C. J., and Bushnell, Sharpe, North, and McAllister, JJ., concurred with Potter, J.

Wiest, J. (*dissenting*). The award should be vacated.

January 8, 1936, plaintiff filed a notice and application for adjustment of claim. In that proceeding, he claimed disability because of a resulting heart condition and left incomplete hernia. The matter was heard before a deputy commissioner and, on appeal to the department, an award was entered in January, 1937, finding that the heart condition, then claimed by plaintiff, was not caused or aggravated by the accident, but that the hernia was caused by the accident, and awarded compensation for the disability occasioned by the hernia. The department stated:

"Plaintiff's disability is caused both by the heart condition and the left incomplete hernia, neither of which makes him totally disabled, though the heart condition was not caused or aggravated by the accidental injury."

Compensation was paid and, in February, 1938, upon defendant's petition to stop compensation, the department found:

"It appears that plaintiff has completely recovered from his disabling hernia condition, which was the sole basis of the previous award. It also appears, however, that the plaintiff was at the time of the hearing disabled because of an intercostal nerve injury."

The department found that plaintiff has present disability because of an intercostal nerve injury due to the accident. The department also stated:

"It appears that the plaintiff at the previous hearing complained of the same disabling pain but attributed it to his heart condition. The department, in that part of the opinion above quoted, found that plaintiff's heart condition was not the result of the accident and the defendant contends that that finding is *res judicata* as regards the plaintiff's disabling pain in the present case. We do not believe the defendant's position to be tenable. At the previous hearing, the department had to determine whether or not the plaintiff had disabling pain as a result of a heart condition caused by the accident. In the immediate proceeding, the question is whether or not the plaintiff has disabling pain as a result of an intercostal nerve injury caused by the accident. Obviously, the determination of these respective questions would rest upon entirely different factors and this even though the pain in itself may have been identical in both situations."

The department at the former hearing found that the heart condition was not the result of an accident. At the hearing under review the department found that the disabling pain is the result of injury caused by the accident.

The first finding that the accident had nothing to do with the pain in the heart barred plaintiff from claiming, in a subsequent proceeding, that such very pain was occasioned by the accident. Plaintiff did not appeal from the holding that he was not suffering pain in his heart from an accident and such finding is *res judicata* of his claim now.

CHANDLER, J., concurred with WIEST, J.