B<small>OYLES</small>, C<small>HANDLER</small>, N<small>ORTH</small>, M<small>C</small>A<small>LLISTER</small>, and B<small>UTZEL</small>, JJ., concurred with W<small>IEST</small>, J.

---

SZCZUCKI *v.* CADILLAC MOTOR CAR CO.

1. W<small>ORKMEN'S</small> C<small>OMPENSATION</small>—S<small>TOPPING</small> C<small>OMPENSATION</small>—F<small>ULL</small> R<small>E-</small>
   <small>COVERY</small>.
   
   The department of labor and industry has no right to order stoppage of compensation to an employee who has not fully recovered from injuries to face from flying disc wheel.

2. S<small>AME</small>—F<small>INDING</small> O<small>F</small> D<small>EPARTMENT</small>—F<small>RAUD</small>.
   
   The finding of the department of labor and industry that an employee has fully recovered from injuries is conclusive on the Supreme Court in the absence of fraud (2 Comp. Laws 1929, § 8451).

3. S<small>AME</small>—P<small>ENDING</small> P<small>ROCEEDINGS</small>—O<small>RDERS</small> O<small>F</small> D<small>EPARTMENT</small>.
   
   So long as a proceeding to recover compensation is depending before the department of labor and industry it has power so to limit payments that the statute sum, no more, no less, shall be paid and received, and to make suitable orders to effect such result.

4. SAME—FINDING OF DEPARTMENT—EVIDENCE—PRIOR ADJUDICA-
   TION—NONAGGRAVATION OF CONDITION.

> Finding of department of labor and industry, in proceedings to
> recover further compensation commenced upwards of 14 months
> after it had ordered compensation stopped on defendant's
> petition, that plaintiff employee, a fender cleaner in an auto-
> mobile factory, had established subsequent to prior order
> stopping compensation an earning capacity in the general field
> of labor equal to earning capacity prior to the injury, which
> finding is supported by evidence, precludes recovery by plain-
> tiff notwithstanding fact that weakness, headaches, dizziness
> and ringing in the ears occasioned by the injuries to head and
> face have persisted since the accident but were not aggravated
> since prior adjudication.

Appeal from Department of Labor and Industry. Submitted April 16, 1940. (Docket No. 38, Calendar No. 40,868.) Decided September 6, 1940.

Wladyslaw Szczucki presented his claim against Cadillac Motor Car Company, employer, for compensation for personal injuries sustained while in defendant's employ. On petition of plaintiff for further compensation. Award denied. Plaintiff appeals. Affirmed.

*Carl R. Hospers* (*Richard C. Fruit,* of counsel), for plaintiff.

*Carlos J. Jolly* (*J. G. Stevenson* and *J. L. Schaffer,* of counsel), for defendant.

POTTER, J. Plaintiff was employed by the Cadillac Motor Car Company, a division of General Motors Corporation, using a disc electrically operated for the cleaning of front fenders of Cadillac motor cars. He was injured November 17, 1936, by a disc wheel electrically operated by a fellow employee becoming unloosened and striking plaintiff in the middle of the forehead whereby plaintiff's face was lacerated and he suffered severe injuries. Plaintiff was granted

compensation at the rate of $18 a week under an agreement approved December 17, 1936. Later, defendant filed a petition to stop compensation. The matter was scheduled for hearing February 8, 1937, and various adjournments were granted until April 29, 1937, when the matter was brought on for hearing and plaintiff testified he would be willing to try to do the same work he had been doing but that he did not want to handle a motor and that he wanted some kind of a job to keep away from disc wheels. Under these circumstances, the department of labor and industry entered an order stopping compensation as of April 29, 1937.

When the department of labor and industry ordered plaintiff's compensation stopped, it made an order so far as this case is concerned that plaintiff had fully recovered. It had no right to order compensation stopped if plaintiff had not fully recovered. The finding of the department is conclusive in the absence of fraud (2 Comp. Laws 1929, § 8451 [Stat. Ann. § 17.186]), and plaintiff's compensation was properly stopped under the statute.

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation. We are not called upon to decide whether an agreed but a too large or a too small compensation having been paid by agreement and the period of payment having ended and all payments having been made, by commutation or otherwise, either party may have recourse against the other by action of the industrial accident board* or otherwise. But so long as the

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).— Reporter.

matter is depending before the board we are of opinion that in the due administration of the law it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result." *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459.

Subsequently, July 5, 1938, plaintiff instituted proceedings to reestablish compensation and the testimony shows he had tried to work at other jobs but that during this time he suffered from dizziness, was unable to work, his head bothered him, he was trying to do the best he could in his employment, he tried working for the Cadillac Motor Car Company, for the Budd Wheel Company, and tried also working in a restaurant, but that he suffered from these dizzy spells. A doctor examined the plaintiff. He testified the injuries complained of brought about the condition which plaintiff suffered; that, in his opinion, plaintiff was not able to do any sustained work. Plaintiff was awarded compensation at $18 a week for total disability from August 29, 1938, by the deputy commissioner. Defendant appealed from that award and, August 23, 1939, the department of labor and industry reversed the award, finding:

"The record indicates that plaintiff's present complaints of weakness, headaches, dizziness and ringing in the ears, have persisted ever since the accident and further that these conditions have not become aggravated since the prior adjudication."

That is, notwithstanding the facts show plaintiff has not recovered from his injuries, the department of labor and industry denied compensation.

The question is, whether plaintiff is entitled to compensation. The department of labor and industry found that the injuries complained of have persisted

since the accident.  Plaintiff, by reason of these injuries, might be entitled to compensation but for the fact the department found, based upon his work record, that plaintiff, subsequent to the prior order stopping compensation April 29, 1937, had established an earning capacity in the general field of labor equal to his earning capacity before the injury.  There is testimony to support the department's findings.

Affirmed.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.  BUTZEL, J., did not sit.