BANKS v. MICHIGAN MALLEABLE IRON COMPANY.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—TOTAL DISABILITY.
   An employee is totally disabled within the meaning of the workmen's compensation act where he is unable to earn full wages at the work in which he was last subjected to the conditions resulting in disability (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 and amended by Act No. 245, Pub. Acts 1943).

2. SAME—GRINDER—DISABLEMENT—LIGHTER WORK—PROPORTIONATE REDUCTION OF COMPENSATION.
   Where grinder, disabled because of pneumoconiosis, had average weekly earnings of $108.50 at time of disablement and was earning $48 per week at light work which was neither unhealthful nor injurious to him at time of hearing on petition

---

REFERENCES FOR POINTS IN HEADNOTES

[1] What amounts to total incapacity within workmen's compensation acts. 98 A.L.R. 729.

to reduce compensation, he was entitled to percentage of full compensation proportionate to reduction in earning capacity (2 Comp. Laws 1929, § 8425, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, §§ 1, 3, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 and amended by Act No. 245, Pub. Acts 1943).

3. Costs—Public Question—Reduction of Award of Workmen's Compensation.

No costs are allowed on affirmance of order reducing workmen's compensation payable, where a question of very great public importance was involved (2 Comp. Laws 1929, § 8425, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, §§ 1, 3, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 and amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted June 9, 1948. (Docket No. 33, Calendar No. 44,087.) Decided October 4, 1948.

Gus Banks presented his claim for compensation against Michigan Malleable Iron Company, employer, and Michigan Mutual Liability Company, insurer, for occupational disease. Award to plaintiff. Compensation reduced after hearing on petition to reduce. Plaintiff appeals. Affirmed.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendants.

Butzel, J. On June 12, 1945, plaintiff-appellant, Gus Banks, became disabled from pneumoconiosis which he contracted while employed as a grinder by defendant-appellee, Michigan Malleable Iron Company. At the time of disablement, his average weekly wage was $108.50. He was paid workmen's compensation at the rate of $21 per week in accordance with an award of the compensation commission un-

til August 22, 1947, when defendant, with its code-fendant, the insurer, petitioned to have the amount of compensation reduced for the reason that plaintiff was employed in an occupation which was neither unhealthful nor injurious to him, being employed by defendant at light work taking care of a wash room, and earning wages of $48 per week. The compensation commission entered an order reducing compensation to $11.71 per week, and plaintiff has appealed.

The entire question in this case revolves around the construction to be placed upon that portion of part 7, § 3, of the workmen's compensation act which we have italicized below (Act No. 10, pt. 7, § 3, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 and amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8485-3, Stat. Ann. 1947 Cum. Supp. § 17.222]):

"If an employee is disabled or dies and his disability or death is caused by a disease and the disease is due to the nature of the employment in which such employee was engaged and was contracted therein, he or his dependents shall be entitled to compensation for his death or for his disablement, and he shall be entitled to be furnished with medical and hospital services, all as provided in part 2 of this act, except as hereinafter stated in this part: *Provided, however, That if it shall be determined that such employee is able to earn wages at another occupation which shall be neither unhealthful nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity.*"

Plaintiff is totally disabled within the meaning of the workmen's compensation act, because he is unable to earn full wages at the work in which he was

last subjected to the conditions resulting in disability.* *Stewart* v. *Lakey Foundry & Machine Co.,* 311 Mich. 463; *Finch* v. *Ford Motor Co.,* 321 Mich. 469. Part 2, § 9 of the act reads as follows (2 Comp. Laws 1929, § 8425, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8425, Stat. Ann. 1947 Cum. Supp. § 17.159]):

"While the incapacity for work resulting from the injury is total, the employer shall pay * * * to the injured employee, a weekly compensation equal to 66⅔ per centum of his average weekly wages, but not more than $21.00 nor less than $10.00 a week."

In its opinion, the compensation commission, taking into consideration the limitation in part 7, § 3, stated:

"The above proviso indicates that the legislature intended a specific method for computing weekly compensation where an employee disabled from an occupational disease is able to work in an occupation other than the one in which he was injured. In our opinion we have no alternative but to give effect to the proviso in section 3 as this appears to be the type of case the legislature had in mind when the proviso was enacted.

"Plaintiff's average weekly earnings at the time of disablement were $108.50. His present weekly earnings are $48. His earning capacity has been reduced in the amount of $60.50 per week. $11.71 represent the percentage of full compensation of $21 a week proportionate to the reduction in his earning capacity."

Plaintiff contends that the commission erred in construing the words "full compensation" in part 7, § 3, of the act to mean the maximum amount of com-

* See Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485-1, Stat. Ann. 1947 Cum. Supp. § 17.220).—Reporter.

pensation payable under part 2 of the act, *i. e.*, in this case, $21 a week.  Our attention has not been called to any decisions directly in point.  Appellant argues that "full compensation" would be the difference between the wages he is able to earn while disabled and the wages he earned prior to disability, and that the amount of compensation payable should be a percentage of this difference.  We cannot adopt such reasoning without doing violence to the plain language of the act.

Plaintiff also asks us to approach the question in a liberal manner so as to give the utmost compensation to plaintiff.  While his argument is an appealing one, we cannot ignore the plain words of the statute.  We are powerless in the premises.  It will be noted that the Minnesota and New York compensation acts contained substantially identical provisions to that involved herein until recently amended so as to give an employee suffering from an occupational disease the same compensation that he would have been entitled to had he met with an accidental injury.  See Minnesota Statutes 1945, § 176.66(2), amended by chapter 612 of the Session Laws of 1947.  And see, also, Cahill's N. Y. Consol. Laws (1930), ch. 66, § 39, as amended by 1947 Laws, ch. 116.

We believe that the compensation commission put the only construction possible upon part 7, § 3, of the workmen's compensation act, and the award is affirmed.  Inasmuch as the case presented a question of very great public importance, no costs will be allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.