SAMELS *v.* GOODYEAR TIRE & RUBBER COMPANY.

1. JUDGMENT—RES JUDICATA—AFFIRMANCE OF AWARD BY SUPREME COURT.

Upon affirmance of an award of the workmen's compensation commission by the Supreme Court the case became *res judicata.*

2. WORKMEN'S COMPENSATION—COMPENSATION FOR INJURIES—OCCUPATIONAL DISEASES.

Under part of the workmen's compensation act prescribing amount of compensation payable for injuries resulting in partial or total disability, a claimant is entitled to the difference between his present and past earnings, but not over $21 per week, while under the occupational disease amendment the claimant is only entitled to a percentage of the $21 proportionate to the reduction in his earning capacity (2 Comp. Laws 1929, § 8417 *et seq.,* as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

3. SAME—PURPOSE OF THE ACT.

The purpose of the workmen's compensation act is to provide compensation at rates which the law itself, directly or indirectly, but certainly, fixes; the claimant being entitled to receive, and his employer obligated to pay, no more and no less than the statutory amount.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 58 Am. Jur., Workmen's Compensation, § 493.
[3] 58 Am. Jur., Workmen's Compensation, § 2.
[4] 58 Am. Jur., Workmen's Compensation, § 299.
[4] Workmen's compensation: Right to credit for amounts paid under invalid settlement or compromise. 10 A.L.R. 1016.
[9] Constitutionality, construction, application, and effect of provisions of workmen's compensation acts in relation to costs or expenses on appeal or review. 79 A.L.R. 678.

4. SAME—OVERPAYMENT DEDUCTED FROM FUTURE PAYMENTS.
   Where a claimant has been paid more workmen's compensation than the amount to which he is entitled, such excess may be deducted from future payments (2 Comp. Laws 1929, § 8421, as amended by Act No. 245, Pub. Acts 1943).

5. SAME—PROMPT PAYMENT—OVERPAYMENT—RETROACTIVE ORDER.
   While one of the purposes of the workmen's compensation act is to afford the injured employee prompt relief and not permit it to be withheld while the employer delays payment by the filing of a petition or petitions to reduce compensation and perhaps impelled adoption of compensation commission's rule requiring payment of compensation up to within 15 days of time of commencement of proceeding to stop or reduce compensation, such rule would not prevent entry of a retroactive order determining whether there has been overpayment (Compensation Commission Rule No. 8 [a]).

6. SAME—OVERPAYMENT—RETURN—CREDIT.
   An employer who is not guilty of laches but has been required to make overpayment in workmen's compensation may have question of overpayment determined on proper petition and, if determined to have been paid, such overpayment may be ordered returned directly or by a credit on future payments.

7. SAME—UNION ACTIVITIES—FINDING OF COMPENSATION COMMISSION.
   Compensation commission's finding that employee's earnings in his union activities were not of any material consequence is not disturbed where amount is from $50 to $60 in an entire year and plaintiff worked as many hours after his injury as before he became disabled.

8. JUDGMENT—RES JUDICATA—COMPUTATION OF WORKMEN'S COMPENSATION.
   Where question as to whether computation of workmen's compensation should be as for an injury or an occupational disease was presented on petition for rehearing when case was presented to Supreme Court previously, and award was not disturbed, the question became res judicata.

9. COSTS—FAILURE OF EITHER PARTY TO FULLY PREVAIL ON APPEAL.
   Where neither party fully prevails on appeal from workmen's compensation commission, no costs are allowed.

Appeal from Workmen's Compensation Commission. Submitted October 15, 1948. (Docket No. 100, Calendar No. 44,104.)   Decided December 17, 1948.

John D. Samels presented his claim for compensation against Goodyear Tire & Rubber Company, employer, and Hartford Accident & Indemnity Company, insurer. On petition to stop or reduce payments and for review of prior payments. Payments reduced. Defendants appeal. Remanded for determination of overpayments.

*Warner & Hart,* for plaintiff.

*Mitts & Smith,* for defendants.

Butzel, J. This case first came to us on an appeal from an award of the workmen's compensation commission granting plaintiff $21 per week until further order of the commission as compensation under part 2 of the compensation act, 2 Comp. Laws 1929, § 8417 *et seq.,* as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417 *et seq.,* Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 17.151 *et seq.*). In that appeal, *Samels* v. *Goodyear Tire & Rubber Company,* 317 Mich. 149, 4 opinions were written. In one, signed by three justices, the award was affirmed on the ground that plaintiff suffered a compensable injury under part 2 of the act. In another, signed by two justices, it was held that plaintiff's injuries were due to an occupational disease under part 7 of the act,* and the award was affirmed as though made under part 7 of the act. In a separate opinion of another justice, a like result was reached

---

* Act No. 10, pt. 7, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1940, 1945, § 8485–1 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 17.220 *et seq.*).—Reporter.

on the ground the commission had made the award under part 7, and the award was affirmed. Two other justices were of the opinion that the award should be reversed, that plaintiff was not entitled to relief under part 2 as found by the commission, but the case should be remanded to the commission to determine whether or not plaintiff was entitled to an award under part 7 of the act. The result of the opinions was that the award by the commission was affirmed by six justices. A proper entry, affirming the award, was made in the journal, and the case was thus disposed of. The case became *res judicata*.

In the application for leave to appeal in the first case, no direct claim was made that the amount of the award had been incorrectly computed, although such claim was made in defendants' brief. However in the brief in support of the appeal to this Court, as shown by the reply brief on behalf of defendants, it was stated:

"It is recognized by defendants, however, that if the disability of the plaintiff in this case could be held to meet the tests of section 1, part 7, of the amended compensation law, there might still be some basis for upholding the department's decision."

It is true that in the opinions affirming the award, some following the suggestion of defendants' counsel, hereinbefore quoted, the question of computation of the award was not further considered either in the main case or on the petition for a rehearing, which was denied unanimously.

Under part 2 of the act a claimant is entitled to the difference between his present and past earnings, but not over $21 per week, while under part 7, he is only entitled to a percentage of the $21, the full compensation, proportionate to the reduction in his earning capacity. See the recent case of *Banks* v. *Michigan Malleable Iron Co.,* 322 Mich. 505.

On or about June 5, 1947, three weeks after we denied a rehearing, defendants filed a petition with the department of labor and industry for a determination of compensation due. Plaintiff's attorneys in their answer asked that the petition be denied because defendants had not complied with Rule 8 (a) of the commission (Michigan Administrative Code Supp. 2, p. 33, Department of Labor and Industry, Rules and Practice of Compensation Commission, Rule 8 (a); See Act No. 88, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 522-1 *et seq.*, Stat. Ann. 1947 Cum. Supp. § 3.560 [7] *et seq.*), which provides:

"Whenever payment of compensation is made pursuant to an award of a deputy member or an order of the compensation commission, payments may not be stopped or diminished except by award of a deputy member or order of the commission. No proceedings shall be commenced to stop or reduce compensation payments unless the compensation provided in the award or order is paid or tendered to within 15 days of the time such proceeding is commenced."

The commission, because of such failure to comply with this rule, entered an order dismissing the petition August 12, 1947. Defendants then paid the compensation under the original award at the rate of $21 per week to August 15, 1947, and filed a new petition to stop or reduce compensation on August 26, 1947, and also asked to have a review of prior payments and a finding of the total amount of overpayments made to plaintiff and recovery of such overpayments. Defendants contended that the original award under our decision should have been computed and determined under part 7 of the act, and they also asked for a return of the amount of overpayments they alleged were made. They, however, claimed that even if the award was properly made

under part 2 of the act, they still had made overpayments of compensation, which according to their computation in their brief amounts to $734.14. A hearing was held on this second petition and testimony taken. It appears from the record that during the period from and after April 24, 1946, the plaintiff worked steadily at another job for the same employer, and earned as high as $117.64 in one week, and as low as $25.46 in another week. The deputy commissioner made the following findings of fact: That the plaintiff's earnings at the time of injury averaged $75 per week as prior adjudicated; that the award of compensation was under part 2 of the act at $21 per week; that his present earnings average $65.57 per week; and that he is totally disabled and entitled to receive compensation under the act as he is unable to do the same work he was doing at the time of the injury. The deputy commissioner entered an award reducing the compensation payable to plaintiff to $9.43 per week, such sum being the difference between $65.57 per week he was now earning and the $75 per week he was receiving at the time of his injury; that the commission had no power to review past payments made by the employer and so denied the recovery of the overpayments defendants claim to have made. On review by the commission, the award of the deputy commissioner was affirmed except as to a date. We granted review on petition for certiorari.

Defendants in their appeal raise three questions which we shall discuss seriatim.

(1) The commission denied defendants retroactive relief. It is claimed that plaintiff's wages averaged $64.34 during the 69 weeks he was paid compensation, as contrasted with the $75 a week he averaged at another job for the same employer prior to the time he became disabled; that when during this period he also received $21 per week compensation,

he was allowed to profit because of his disability; that he should return, or else defendants be given credit for such amount of compensation paid, which when added to his earnings exceeded his average weekly wage of $75. Section 11, part 2, of the workmen's compensation act distinctly provides that "the compensation payable when added to the employee's wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury." Obviously plaintiff has been overpaid. He, however, claims that defendants paid these amounts and cannot recapture such excess, that the commission cannot make a retroactive order.

Defendants claim that they were obliged to make such payments of compensation under the original award in order to conform to Rule 8 (a), *supra,* before they could ask for a reduction of the compensation. They contend that this should not be construed as to preclude them from recovery of overpayments. Defendants make a strong showing that they were thus obliged to pay more than was provided in the act under either part 2 or part 7 thereof. In *Dezomits* v. *Consolidated Paper Co.,* 315 Mich. 273, we held the department was correct in invoking Rule 8 (a), *supra.* We, however, have never held that the payment of such compensation for a period while the entire question of liability was before the courts should deny to the employer the right to recover or be given credit for overpayments, if any, which the employer was obliged to pay before his petition to reduce compensation and to properly adjust the amount paid could be heard. There was no delay or laches in this case. In *Oliver Iron Mining Co.* v. *Pneff,* 262 Mich. 116, we held (syllabus):

"When employee, who had been awarded compensation for total disability, went back to work, em-

ployer should have asked department of labor and industry to stop compensation, but failure to do so offers no excuse to employee to perpetrate fraud and imposition on court by taking judgment under 2 Comp. Laws 1929, § 8452, for period of 13 months when he worked and suffered no disability."

This, however, was an equity case brought on account of the fraud of the claimant.

In *Kirchner* v. *Michigan Sugar Co.*, 206 Mich. 459, where overpayment of compensation had been made, we held that defendants were entitled to a credit against future payments for the overpayments. The Court stated:

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation. * * * So long as the matter is depending before the board* we are of opinion that in the due administration of the law it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result."

Also in the very recent opinion in *Webster* v. *Rotary Electric Steel Co.*, 321 Mich. 526, we held (syllabus):

"In the event a remaining dependent child has been paid more workmen's compensation than amount to which such dependent is entitled after dependent mother has remarried, such excess is to be deducted from future payments (2 Comp. Laws

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the compensation commissioners of the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8312, Stat. Ann. 1947 Cum. Supp. § 17.3).—Reporter.

1929, § 8421, as amended by Act No. 245, Pub. Acts 1943)."

One of the purposes of the compensation act is to afford the injured employee prompt relief and not permit it to be withheld while the employer delays payment by the filing of a petition or petitions to reduce compensation. This may have been the impelling reason for the commission to adopt Rule 8 (a), *supra.* Nevertheless, where there has been no laches by the employer, the commission, when called upon by proper petition, should determine whether there has been an overpayment under the facts, as are presented in this case, and order the return of such overpayment either directly or by a credit on future payments. The act seeks just compensation, but not a penalty. If timely sought, retroactive awards have frequently been made, and while as a rule in favor of the employee, also at times in favor of the employer. *Romanchuk* v. *Ford Motor Co.,* 290 Mich. 673, 677; *Grycan* v. *Ford Motor Co.,* 291 Mich. 241; *Szczucki* v. *Cadillac Motor Co.,* 294 Mich. 271, in all of which cases the rule set forth in *Kirchner* v. *Michigan Sugar Co., supra,* hereinbefore quoted, has been referred to with approval. Credit should be given to defendants for the overpayments, if any, they were obligated to make under Rule 8 (a), *supra,* in order to present their present claims.

(2) Defendants further contend that plaintiff earned an extra amount as an officer of his union in the negotiations with defendant employer. The testimony showed that this amount is very small, $50 to $60 in an entire year, and that plaintiff worked in his new employment as many hours per week after his injury as before he became disabled. The commission held that his earnings in his union activities were not of any material consequence. We shall not disturb the commission's finding of fact.

(3) The further question is presented whether the compensation should be computed under part 2 or part 7 of the act. Inasmuch as the same question was presented by appellants in their petition for rehearing in the first case, 317 Mich. 149, and we declined to disturb the award, the question became *res judicata,* when under our previous decision the award was affirmed.

The case is remanded to the commission to determine the amount of overpayments of compensation to plaintiff from and after April 24, 1946, consisting of the difference between $75, his average weekly wage prior to the injury, and the average amount of his weekly wage since then, plus the amount of compensation paid to him, otherwise it is affirmed. Plaintiff should be ordered to repay to defendant employer the amount of overpayment, or in default thereof, it shall be deducted from the compensation hereafter accruing until it is paid.

As neither party has fully prevailed on this appeal, no costs will be allowed.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, and CARR, JJ., concurred.

BOYLES, J., concurred in the result.