DANFORD *v.* CONTRACT PURCHASE CORPORATION.

1. WORKMEN'S COMPENSATION—DEPENDENT WIDOW—REMARRIAGE.

A dependent widow's right to workmen's compensation for the death of her husband terminates upon her remarriage (CL 1948, § 412.6[c]).

2. SAME—PETITION FOR REVIEW OF PAYMENTS—JURISDICTION OF COMMISSION—LUMP-SUM PAYMENT—REMARRIAGE OF WIDOW.

A petition by defendant employer and its insurer for review

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 187.
[1, 3] Remarriage as affecting one's status as a "widow" or "widower" for purposes of statute of descent and distribution or other statute employing such term.   72 ALR 1324.
[4] 58 Am Jur, Workmen's Compensation § 281.
[5] 58 Am Jur, Workmen's Compensation § 173.
[5] "Dependency" within Workmen's Compensation Acts.   13 ALR 686; 30 ALR 1253; 35 ALR 1066; 39 ALR 313; 53 ALR 218; 62 ALR 160; 86 ALR 865; 100 ALR 1090.

of payments made to dependent widow of deceased employee was sufficient to give the workmen's compensation commission jurisdiction to determine whether or not an unappealed lump-sum payment was an overpayment in view .of the widow's remarriage subsequent to the making of such payment (CL 1948, §§ 412.6, 412.22).

3. SAME—REMARRIAGE OF DEPENDENT WIDOW—REFUND OF OVERPAYMENTS.

Payments of workmen's compensation made to dependent widow for a period subsequent to her remarriage are overpayments which may be ordered refunded in a proper and timely proceeding (CL 1948, § 412.6).

4. SAME—PURPOSE OF THE ACT.

The purpose of the workmen's compensation act is to provide for workmen's compensation at rates which the act itself, directly or indirectly, but certainly, fixes.

5. SAME—RES JUDICATA—LUMP-SUM PAYMENT—REMARRIAGE OF DEPENDENT WIDOW—REVIEW OF PAYMENTS—REHEARING.

The order of the workmen's compensation commission granting to plaintiff, then a dependent widow of a deceased employee, a lump-sum advance payment of workmen's compensation, determined as provided in the statute and within the discretionary authority of the commission to make, and which was not appealed, is *res judicata*, but is not in question upon petition to review payments made, filed after her remarriage which occurred subsequent to the lump-sum payment, since a rehearing was not sought (CL 1948, §§ 412.6, 412.22).

6. SAME—LUMP-SUM PAYMENTS.

The granting of an award of lump-sum payment of workmen's compensation is made on the assumption that the plaintiff would become entitled thereto, and would receive the payments in due course of time (CL 1948, § 412.22).

Appeal from Workmen's Compensation Commission. Submitted April 9, 1952. (Docket No. 20, Calendar No. 45,028.) Decided May 16, 1952.

Hazel Coolman Danford presented her claim against Contract Purchase Corporation, employer, and American Casualty Company, insurer, for com-

pensation for death of her husband. Lump-sum advance payment was made. Petition for review of payments. Award to defendants. Plaintiff appeals. Affirmed.

*Alvin A. Neller,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

CARR, J. The facts in this case are not in dispute. On September 12, 1945, Claude Coolman, then the husband of the plaintiff, suffered an accidental fatal injury arising out of and in the course of his employment by defendant Contract Purchase Corporation. His sole dependent was the widow who was awarded compensation at the rate of $19 per week, for 400 weeks, for total dependency in accordance with pertinent provisions of the workmen's compensation law in force at that time as amended by PA 1943, No 245 (CL 1948, § 412.5 [Stat Ann 1947 Cum Supp § 17.155]).

In November, 1947, plaintiff petitioned the workmen's compensation commission for an order authorizing a "lump-sum advance payment" to enable her to purchase certain equipment for the operation of her home and farm and to cover specified items of personal expense. Defendants opposed the application but an order was entered on January 13, 1948, awarding plaintiff an advance payment of compensation for a period of 129 weeks in the aggregate amount of $2,035.47, the order being based on the provisions of part 2, § 22, of the workmen's compensation law (CL 1948, § 412.22 [Stat Ann 1950 Rev § 17.172]). Said amount was paid to plaintiff and the weekly payments were continued until the 5th of March, 1950, when plaintiff remarried. Under section 6 (c) of part 2 of the law (CL 1948, § 412.6 [Stat Ann 1950 Rev § 17.156]) such remarriage

terminated plaintiff's right to receive compensation payments. Notice of termination was given and defendants filed a petition with the compensation commission for a hearing to review the payments made and to determine the rights of the parties. A hearing was had before a deputy commissioner of the department of labor and industry who found specifically that plaintiff had remarried and was not entitled to receive compensation benefits after March 5, 1950. He also determined, in accordance with the claims of the defendants, that the said sum of $2,-035.47 paid to plaintiff in 1948, pursuant to the order of the commission of January 13, 1948, was an overpayment. On appeal the compensation commission sustained the finding of the deputy and directed plaintiff to refund to defendants the amount of such overpayment. On leave granted, plaintiff has appealed to this Court.

On behalf of appellant it is urged that defendants' petition for review of payments and determination of rights was insufficient to authorize the deputy commissioner and the compensation commission to pass on the question involved, that is, whether the advancement to plaintiff in 1948 constituted an overpayment to the return of which defendants are entitled. It does not appear, however, that any objection was made on such ground until after the deputy had rendered his decision. While defendants did not specifically allege in their petition that they sought a determination on the issue of overpayment, we do not think that plaintiff or her counsel were misled thereby. The record indicates that the purpose of the hearing sought was clearly understood by the parties concerned as well as by the deputy and the commission.

It is also contended that the order of the commission granting to plaintiff the advance payment of compensation for a period of 129 weeks was *res*

*judicata,* and that the commission was without authority to order a repayment, no question of actual fraud or bad faith being involved. In reaching its conclusion, as above indicated, the compensation commission said in part:

"It is obvious that under our act where dependency compensation benefits to a widow terminate upon her remarriage that any payments covering a period beyond the date of her remarriage are overpayments. In the instant case the widow was paid not only to March 5, 1950, the date of her remarriage, but for an additional 129 weeks. She was not entitled to the payment for the 129 weeks because section 6 of part 2 specifically provides that dependency payments stop when the widow remarries. Defendants' liability for dependency compensation terminated on March 5, 1950."

Attention was directed to the decision of this Court in *Samels* v. *Goodyear Tire & Rubber Company,* 323 Mich 251, as supporting the commission's authority to direct the refunding to defendants of the amount of the overpayment. In that case, in order to comply with the rules of the compensation commission relating to the hearing of petitions for reduction of compensation, defendants claimed that they had paid more compensation than was due to the claimant under the provisions of the workmen's compensation law. In sustaining the power of the commission to make proper adjustments with reference to such overpayments, it was said:

"Nevertheless, where there has been no laches by the employer, the commission, when called upon by proper petition, should determine whether there has been an overpayment under the facts, as are presented in this case, and order the return of such overpayment either directly or by a credit on future payments. The act seeks just compensation, but not a penalty. If timely sought, retroactive awards have

frequently been made, and while as a rule in favor of the employee, also at times in favor of the employer. *Romanchuk* v. *Ford Motor Co.*, 290 Mich 673, 677; *Grycan* v. *Ford Motor Co.*, 291 Mich 241; *Szczucki* v. *Cadillac Motor Co.*, 294 Mich 271, in all of which cases the rule set forth in *Kirchner* v. *Michigan Sugar Co.*, 206 Mich 459, hereinbefore quoted, has been referred to with approval. Credit should be given to defendants for the overpayments, if any, they were obligated to make under Rule 8(a), *supra*, in order to present their present claims. * * *

"Plaintiff should be ordered to repay to defendant employer the amount of overpayment, or in default thereof, it shall be deducted from the compensation hereafter accruing until it is paid."

In *Kirchner* v. *Michigan Sugar Co.*, 206 Mich 459, the defendant and its insurer entered into an agreement with the plaintiff for the payment of compensation in an amount greater than plaintiff was entitled to receive. It was contended that such agreement resulted from a mistake on the part of defendant. Relief was sought by petition under the workmen's compensation law. The industrial accident board (now the workmen's compensation commission) determined the facts to be as claimed by the defendant and directed that the amount of overpayments should be applied in reduction of future payments which it was found plaintiff was entitled to receive. It was contended on behalf of plaintiff that the agreement of the parties was conclusive and that the industrial accident board was without power to make the order in question. In rejecting such contention, it was said:

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation.

We are not called upon to decide whether an agreed but a too large or a too small compensation having been paid by agreement and the period of payment having ended and all payments having been made, by commutation or otherwise, either party may have recourse against the other by action of the industrial accident board or otherwise. But so long as the matter is depending before the board we are of the opinion that in the due administration of the law it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result. The order reviewed in terms and in fact takes nothing from plaintiff in certiorari to which, under the law, he is entitled. It may leave him possessed of a larger sum than the one to which he was entitled. If its effect shall be to give him no less than the compensation which the law has said he shall have, his rights, under the law, have been duly respected."

In *Webster* v. *Rotary Electric Steel Company,* 321 Mich 526, an employee of the defendant received fatal injuries arising out of and in the course of his employment. He left 2 dependents, a widow and an infant daughter. Payment of compensation at the rate of $21 per week in accordance with the provisions of the statute was duly ordered and made. Some months later the widow remarried, thus terminating her right to further compensation, and the question arose as to the weekly amount payable to the child. The commission by order fixed such compensation at $21 per week. This Court determined that the award was erroneous and remanded the case with directions to enter an order at the rate of $19 per week, with a further requirement that any amount in excess of that sum paid to the minor plaintiff following the remarriage of the mother should be deducted from future payments.

Appellant cites and relies on *Meyers* v. *Iron County*, 297 Mich 629. It was there held that a lump-sum settlement for partial permanent disability made by agreement of the parties and duly approved by the department of labor and industry precluded plaintiff from presenting a petition for further compensation based on an alleged increase in disability and a consequent decrease in earning capacity. The department of labor and industry denied the relief sought and on review by this Court such order was affirmed. Under the facts and issues there involved we do not think that the decision has any bearing in the instant controversy. Of like import is *Marks* v. *Otis Elevator Co.*, 276 Mich 75.

The order of the commission of January 13, 1948, granting to plaintiff a lump-sum advance payment of compensation for 129 weeks, determined as provided in the statute, is not in question. The commission was invested by the statute with discretionary authority, on a proper showing of facts, to direct such advance payment. *McMullen* v. *Gavette Construction Co.*, 207 Mich 586; *Rench* v. *Kalamazoo Stove & Furnace Co.*, 290 Mich 476; *Grycan* v. *Ford Motor Co.*, 291 Mich 241. The petition filed by defendants on which the order in question here was based did not seek a rehearing but rather a determination and adjustment of the rights of the parties in view of the altered situation resulting from the plaintiff's remarriage. The order for the advance payment, not having been appealed, was final insofar as the duty to make, and the right to receive, the advance payment was concerned, but it did not preclude defendants from raising further questions resulting from changed conditions due to the voluntary act of the plaintiff. On the issue of *res judicata* in a proceeding of this nature, see *Webber* v. *Steiger Lumber Company*, 322 Mich 675.

The practical situation presented here is that the compensation commission, exercising its discretionary authority, permitted plaintiff to receive a certain portion of her compensation in advance of the dates of payment that otherwise would have obtained. It is apparent that such action was taken on the assumption that in due course of time plaintiff would become entitled to, and would receive, weekly payments in accordance with the original action taken under the statute. Such assumption was a wholly logical one on which the commission was entitled to rely. By her remarriage plaintiff terminated all right to receive further compensation arising from her status as a dependent of her former husband. If the anticipatory order had not been made she would not, of course, have been entitled, following her remarriage, to the 129 weeks compensation covered by such order. The records of the commission, which have been duly certified to this Court, indicate that plaintiff received compensation at the rate of $19 per week for a total period of 233 weeks, aggregating $4,427, and that a burial allowance in the sum of $300 was also paid. Her right to further compensation under the statute was terminated by her. Under the facts presented here we are in accord with the holding of the compensation commission that under the statute, reasonably interpreted, the amount paid to her in anticipation of future payments that it was assumed she would be entitled to receive must be regarded as an overpayment. In ordering the return the commission did not exceed its authority.

The order of the compensation commission is affirmed, with costs to defendants.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.