CARTER v KELSEY-HAYES COMPANY

1. Workmen's Compensation—Overpayment—Statute of Limitations—Tolling.

The operation of the statute limiting recoupment of overpayment of workmen's compensation to a period of one year prior to the date of taking action to recover is tolled while the claim is pending on appeal (MCLA 418.833).

2. Workmen's Compensation—Overpayment—Reimbursement—Statute of Limitations.

Recovery of an overpayment resulting from an incorrect computation of a workmen's compensation award covering the five years the claim was in the appeal process is not barred by the one-year statute of limitations where the request for reimbursement was made six months after the overpayment (MCLA 418.833).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 February 11, 1974, at Detroit. (Docket No. 17417.) Decided March 29, 1974.

Claim by William S. Carter against Kelsey-Hayes Company for workmen's compensation. Compensation granted. Defendant's petition for reimbursement of overpayment allowed. Plaintiff appeals by leave granted. Affirmed.

*Kozlow, Jasmer & Woll, P. C.* (by *John L. Crowley),* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendant.

References for Points in Headnotes

[1, 2] 51 Am Jur 2d, Limitation of Actions § 134.

66 Am Jur 2d, Restitution and Implied Contracts § 154.

Before: V. J. BRENNAN, P. J., and MCGREGOR and
T. M. BURNS, JJ.

PER CURIAM. Plaintiff was granted workmen's
compensation benefits following a hearing before a
referee in July, 1967. After a lengthy appeal proc-
ess culminating in the decision of the Michigan
Supreme Court, *Carter v Kelsey-Hayes Company,*
386 Mich 610; 194 NW2d 326 (1972), the defendant
paid plaintiff approximately $22,000, representing
payments which had accrued during the pendency
of the appeal.

Within six months of this payment, the defend-
ant discovered that reductions authorized by
MCLA 418.357; MSA 17.237(357) had not been
computed, and petitioned for reimbursement of
this overpayment. The referee ruled that the stat-
ute prohibited recovery of the overpayment for the
period more than one year prior to the date of the
defendant's claim. The Workmen's Compensation
Appeal Board modified the referee's decision and
allowed recovery of the total overpayment. Plain-
tiff was granted leave to appeal to this Court on
September 10, 1973.

The limitation provisions of MCLA 418.833;
MSA 17.237(833) do not bar recovery of the entire
amount by which the plaintiff was overpaid. That
statute is not literally applicable to the facts of
this case, and its operation was tolled during the
pendency of the original appeal. *White v Michigan
Consolidated Gas Co,* 352 Mich 201, 212; 89 NW2d
439 (1958). See also *Samels v Goodyear Tire &
Rubber Co,* 323 Mich 251, 256–259; 35 NW2d 265
(1948).

The order of the Workmen's Compensation Ap-
peal Board is affirmed.