**UNIFIED CONCERN FOR CHILDREN, a Corporation, d/b/a Mother Goose Child Care Center, and Employers Mutual Companies, Petitioners-Appellees,**

v.

**Ardith CAPUTO, Respondent-Appellant.**

No. 2–66327.

Court of Appeals of Iowa.

March 23, 1982.

---

Melvin C. Hansen of Hansen & Engles, Omaha, Neb., and Charles L. Smith of Telpner & Smith, Council Bluffs, for respondent-appellant.

Gregory G. Barnsten of Smith, Peterson, Beckman & Willson, Council Bluffs, for petitioners-appellees.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Respondent claimant Ardith Caputo appeals from the district court decision on judicial review which reversed the industrial commissioner's refusal to credit an overpayment of healing period benefits toward due and owing permanent partial disability benefits. On appeal, claimant asserts that petitioner employer and its insurance carrier were not entitled to the credit under section 85.34, The Code. We affirm.

I.

Respondent Ardith Caputo, an employee of petitioner Unified Concern for Children, d/b/a Mother Goose Child Care Center, was injured in a work-related accident on October 4, 1977. Pursuant to a compensation agreement, Unified's insurance carrier, petitioner Employers Mutual Companies, paid her healing period benefits of $143.78 per week from October 4, 1977, to February 2, 1979. On reopening and review of the compensation agreement, the deputy industrial commissioner found that healing period benefits were due only until January 16, 1978, and that beginning January 17, 1978, Caputo was entitled to permanent partial disability benefits for fifty weeks. The deputy refused to credit the $7825.74 overpayment of healing period benefits toward the due and owing permanent partial disability benefits. On appeal within the agency, the industrial commissioner upheld the deputy's findings. On judicial review of the agency's action, the district court reversed, allowing the credit on a theory of unjust enrichment and because "the claimant was entitled to receive and his employer was obligated to pay no more and no less than the statutory compensation." Respondents timely filed a notice of appeal.

II.

The sole issue in this case is whether the employer and insurance carrier are entitled to a credit in the amount of $7825.74 against the permanent partial disability award for overpayment of healing period benefits. Claimant asserts that such a credit is improper because section 85.34(3), The Code, only provides that the party paying compensation is entitled to a credit for healing period benefits when the healing period is followed by a total permanent disability. We do not believe that the interpretation urged by the claimant would serve to further the general purposes of the workers compensation act. In fact, we believe such an interpretation would ultimately frustrate one of the major purposes of the act, i.e. "to provide prompt payment to a covered employee in the event of injury arising out of and in the course of employment." *See Blizek v. Eagle Signal Company*, 164 N.W.2d 84, 85 (Iowa 1969). We are cognizant of the fact that this law is for the benefit of workers and should be liberally construed to achieve that end. However, the act is not a charity, and compensation should be paid as a matter of contract, not as a gratuity. *Bulman v. Sanitary Farm Dairies*, 247 Iowa 489, 494, 73 N.W.2d 27, 30 (1955).

While it is true that there is no express provision in the statute allowing credit for overpayment of healing period benefits, we believe it would be unreasonable to deny employers and insurance carriers such a credit when overpayments were made in a good faith effort to give an injured worker prompt payment and thereby promote a major policy of the act. If the act were interpreted as claimant requests, employers and insurance carriers would be reluctant to make prompt payments of healing period

benefits or attempt to prematurely terminate such payments in order to avoid making overpayments for which they could not get credit. We believe that the purposes of the act are best served by following the rationale of *Samels v. Goodyear Tire & Rubber Co.*, 323 Mich. 251, 35 N.W.2d 265 (1948), where that court stated the Michigan "act seeks just compensation, but not a penalty." If we did not allow credit for overpayments such as in this case, we would be in effect penalizing the employer and its insurance carrier for promptly complying with the policy which underlies the statute. This would only serve to unjustly enrich the claimant without furthering any specific policy of the statute and is consistent with the recent decision of *Wilson Food Corporation v. Hollie C. Cherry*, 315 N.W.2d 756 (Iowa 1982), where an employer was allowed credit for overpayment of healing period benefits. We therefore affirm the trial court.

AFFIRMED.